229 F.2d 136
 MATANUSKA VALLEY LINES, Inc., a corporation, Appellant,
v.
Dorothy NEAL and Nathaniel Neal, Jr., Appellees.
MATANUSKA VALLEY LINES, Inc., a corporation, Appellant,
v.
Blanche THOMAS, Appellee.
MATANUSKA VALLEY LINES, Inc., a corporation, Appellant,
v.
Wordie FRAZIER and Prince Frazier, Appellees.
 Nos. 14529-14531.
 United States Court of Appeals Ninth Circuit.
 December 13, 1955.
 
 Hellenthal, Hellenthal & Cottis, Evander Cade Smith, Anchorage, Alaska, Martin & Shorts, Frank J. Conway, Seattle, Wash., for appellant.
 Kay, Robinson & Moody, Wendell P. Kay, Stringer & Connolly, J. Earl Cooper, Anchorage, Alaska, for appellees.
 Before BONE, LEMMON and CHAMBERS, Circuit Judges.
 CHAMBERS, Circuit Judge.
 
 
 1
 On November 20, 1951, a public bus of Matanuska collided with a truck driven by one Lois Williams on a public highway near Anchorage, Alaska. Bus passengers were injured. Three separate actions were filed against Matanuska, appellant, and Lois Williams by passengers, Dorothy Neal, Blanche Thomas and Wordie Frazier. The husbands of Neal and Frazier joined in the actions of their respective wives, claiming special damages of their own.
 
 
 2
 Matanuska cross-claimed against Williams with an identical cross-claim filed in both the Frazier and Thomas Cases, but did not repeat the same cross-claim in the Neal action.[1] The cross-claim sought to recover from the other defendant, Williams, the damage to Matanuska's bus arising out of the collision.
 
 
 3
 The then resident judge "consolidated for trial" all of the claims on August 24, 1953. The jury returned separate verdicts for the several plaintiffs against both defendants. However, the jury returned no verdict on the cross-claim which perhaps was an oversight. The issues on the cross-claim still are pending. Judgment was entered by the court on October 12, 1953, within the four corners of one instrument all in accordance with the verdicts. However, no cognizance was taken of the cross-claim in the judgment.
 
 
 4
 Inasmuch as the cross-claim is still pending, at oral argument this court raised the question of the effect of there being no compliance with Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. which reads as follows:
 
 
 5
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."
 
 
 6
 It is obvious that there is no final judgment here on the Thomas and Frazier claims, the essential finding that there is no reason for delay being absent. The Neal claim is not free from doubt as to finality. Colloquy of the court and counsel and rulings of the court during the trial point sometimes in the direction of joint trial of separate actions and sometimes in the direction of true consolidation. On the whole record, we hold that all of the separate cases which all could have been joined under Rule 20(a) did become in the end one action for the purpose of Rule 54(b). Certainly the same reasons of common sense apply to withholding finality from the purported judgment for Neal as apply to the claims of Thomas and Frazier in the same socalled judgment.
 
 
 7
 The separate appeals will be dismissed. By supplemental briefing, the parties inform us that a motion is pending in the district court for an order nunc pro tunc with an express finding that "there is no reason for delay, etc., and judgment be therefore entered."
 
 
 8
 We conclude that this court is requested under Rule 60(a) to authorize the district court to proceed with the motion. Such an effort, particularly when nunc pro tunc, is made difficult by the death of the judge from Juneau who presided over the trial at Anchorage.[2] We do not exercise our discretion to use Rule 60(a) herein, because on February 25, 1954, the trial judge denied all motions and supplemental motions then pending.[3] His order covered a motion of Matanuska for revision of the judgment because of failure to comply with Rule 54(b). That seems almost conclusively to foreclose any possibility, otherwise arguable, that a nunc pro tunc order complying with Rule 54(b) would in truth reflect the deceased trial judge's intentions.
 
 
 9
 In supplemental briefs, the parties discuss Rule 63. This rule provides for a measure of continuity of litigation in event of death of a judge. Appellant assumes that if a nunc pro tunc order, complying with Rule 54(b) is not made, a new trial is necessary. The proposition is not correct. The verdicts now stand with no judgment. A transcript has been made. The case will belong absolutely to the next trial judge who picks it up. If he should desire to enter an appropriate judgment, complying with Rule 54(b) and deny a new trial, a single new appeal could be made herein and this court has power to order the use of the previously printed record.
 
 
 10
 Nothing herein is intended to invade the province of the district judge, even though we have answered the statement asserting that if a nunc pro tunc order is not entered, then a new trial must ipso facto result. That just isn't correct. Maybe a new trial should be had. Maybe not. The question is not now before us.
 
 
 11
 The appeals are dismissed.
 
 
 
 Notes:
 
 
 [1]
 Why the same cross-claim was filed in two separate actions and why one cross-claim was not withdrawn, this court does not know
 
 
 [2]
 The original order for consolidation for trial was made by the Honorable Anthony J. Dimond (now deceased), presiding district judge at Anchorage. Trial was had before the Honorable George W. Folta (now deceased), on assignment at Anchorage from Juneau. The Honorable James L. McCarrey, Jr., now presides at Anchorage
 
 
 [3]
 The question of nunc pro tunc in other Rule 54(b) situations is not reached herein