**Harry X. BERGMAN, Perma-Lox Aluminum Shingle Corporation and Victor H. Langville, doing business under the assumed name of Langville Manufacturing Company, Appellants,**

v.

**ALUMINUM LOCK SHINGLE CORPORATION OF AMERICA,**
Appellee.

**No. 14968.**

United States Court of Appeals
Ninth Circuit.

Oct. 12, 1956.

Rehearing Denied Nov. 20, 1956.

Elmer A. Buckhorn, Buckhorn & Cheatham, Robert F. Maguire, Maguire, Shields, Morrison & Bailey, J. Pierre Kolisch, Ramsey & Kolisch, Portland, Or., for appellant.

S. J. Bischoff, Portland, Or., H. H. Brown, H. A. Toulmin, Jr., Toulmin & Toulmin, Dayton, Ohio, for appellee.

Before HEALY, POPE and LEMMON, Circuit Judges.

LEMMON, Circuit Judge.

A suit for infringement was brought below by the appellee as the assignee of Korter patent No. 2,631,552, for "Aluminum Shingle", issued March 17, 1953. The complaint also charged unfair competition and prayed for a permanent injunction against manufacture, sale, use and infringement by the appellants, and a decree enjoining them from competing unfairly with the appellee, for recovery of general and special damages, etc.

The appellants denied the charges, contending that the patent is not valid and is not infringed, and they also counterclaimed for unfair competition.

By a pre-trial order, the District Judge directed that "the issues of validity of [appellee's patent and infringement thereof by [appellants], be segregated and tried first; that all proceedings pertaining to all of the other issues be deferred until the trial and determination of said segregated issues, and by reason thereof, this pre-trial order is limited to the issues so segregated to be first tried and determined."

The Court below found in favor of the appellee both as to validity and infringement, granting a permanent injunction and ordering an accounting by the appellants, individually and collectively.

From that decree the present appeal was taken.

Nowhere in the "decree" or judgment of the District Court is there any "express determination that there is no just reason for delay" or any "express direction for the entry of judgment", as required by Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. On the contrary, the final paragraphs of the "Decree" read in part as follows:

"The Court reserves jurisdiction to determine the amount of damages suffered by plaintiff by reason of defendants' infringement of the said patent, including the determination of the amount of attorneys' fees to be allowed to the plaintiff herein.

＊　　＊　　＊　　＊　　＊　　＊

"The Court reserves jurisdiction of all issues, claims and counterclaims raised by the complaint and defendants' counterclaim except the issues determines [sic] by this decree.

"That the taxation of costs to the plaintiff be deferred until the entry of the final decree herein upon the remaining issues to be disposed of."

In 28 U.S.C.A. § 1292(4), it is provided that courts of appeals shall have jurisdiction of appeals from "(4) Judgments in civil actions for patent infringement which are final except for accounting." That section does not apply to the instant judgment, since here, as we have seen, both the complaint and the counterclaim also charged unfair competition, neither of which allegations was disposed of by the District Court.

Therefore the so-called "Decree" was not a final decision, within the meaning of 28 U.S.C.A. § 1291, and was not appealable.

As to any future action to be taken by the District Court, we adopt as our own the following language used by Judge Mathews in Walter W. Johnson Company v. Reconstruction Finance Corporation, 9 Cir., 1955, 223 F.2d 101, 102–103:

"If, after our mandate goes down, the District Court sees fit to make the express determination and to give the express direction mentioned in Rule 54(b) and to enter judgment in conformity therewith, and if appellant appeals from such judgment, it will not be necessary for the parties to reprint their present briefs or the present record on appeal. Such appeal, if taken, can be heard upon the present briefs and the present record, supplemented by a record of proceedings had in the District Court after receipt of our mandate. However, we are not to be understood as suggesting that the District Court should or should not make the express determination or give the express direction mentioned in Rule 54(b), these being matters, exclusively within the District Court's discretion."

The appeal is dismissed.