Laurence **MASSA**, Appellant,

v.

**JIFFY PRODUCTS CO., Inc.,**
Appellee.

No. 14935.

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1956.

Joseph W. Fairfield, Ethelyn F. Black, Los Angeles, Cal., for appellant.

William Douglas Sellers, Pasadena, Cal., for appellee.

Before STEPHENS and ORR, Circuit Judges, and ROSS, District Judge.

PER CURIAM.

Appellant Laurence Massa is a cross-defendant in an action sounding in patent and trade-mark infringement and unfair competition, and suffered a default judgment on September 6, 1955, in the United States District Court for the Southern District of California. He appeals from that judgment. No judgment has been brought to our attention in the action between the original plaintiff and defendants, and there has been no express determination made in the default judgment that there is no reason to delay the entry of judgment and direction of entry of judgment as necessary under Rule 54 (b), F.R.Civ.P., 28 U.S.C.A.

The appeal is dismissed, and in the language used in Walter W. Johnson Co. v. R. F. C., 9 Cir., 1955, 223 F.2d 101, 102–3, and Bergman v. Aluminum Lock Shingle Corp., 9 Cir., 1956, 237 F.2d 386, we further order that "If, after our mandate goes down, the District Court sees fit to make the express determination and to give the express direction mentioned in Rule 54(b) and to enter judgment in conformity therewith, and if appellant appeals from such judgment, it will not be necessary for the parties to reprint their present briefs or the present record on appeal. Such appeal, if taken, can be heard upon the present briefs and the present records, supple-mented by a record of proceedings had in the District Court after receipt of our mandate. However, we are not to be understood as suggesting that the District Court should or should not make the express determination or give the express direction mentioned in Rule 54(b), these being matters exclusively within the District Court's discretion."