MATANUSKA VALLEY LINES, Inc., a corporation, and General Casualty Company of America, a corporation, Lewis E. Simpson, Louis Odsather, J. A. Columbus, H. N. Baker, Russell Swank and Norman G. Lange, Appellants,

v.

Dorothy NEAL and Nathaniel Neal, Jr., Appellees.

MATANUSKA VALLEY LINES, Inc., a corporation, and General Casualty Company of America, a corporation, Appellants,

v.

Blanche THOMAS, Appellee.

MATANUSKA VALLEY LINES, Inc., a corporation, and General Casualty Company of America, a corporation, Appellants,

v.

Wordie FRAZIER and Prince Frazier, Appellees.

Nos. 15252–15254.

United States Court of Appeals Ninth Circuit.

Dec. 28, 1957.

9. 28 U.S.C.A. Rule 52(a).

10. To the same effect is Mississippi Valley Barge Line Co. v. Cooper Terminal Co., Inc., 7 Cir., 217 F.2d 321, 323.

Martin, Shorts & Bever, Frank J. Conway, Seattle, Wash., Hellenthal, Hellenthal & Cottis and Davis, Renfrew & Hughes and David H. Thorsness, Anchorage, Alaska, for appellants Matanuska Valley Lines and Gen. Cas. Co. of America.

Davis, Renfrew & Hughes, David H. Thorsness, Anchorage, Alaska, for appel-

lants, Simpson, Odsather, Columbus, Baker, Swand and Lange.

Wendell P. Kay, Herald E. Stringer, John R. Connolly, Anchorage, Alaska, for appellees.

Before ORR, LEMMON and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This litigation arose from a collision between a bus and a truck on a road near Anchorage, Alaska, on November 20, 1951. Three separate actions were brought by women passengers, who had paid fares required by the bus, and the husbands of two of them, against Lois Williams, the owner and driver of the truck, and Matanuska Valley Lines, Inc., owner of the bus, each alleging personal injuries as a result of negligence. Answers were filed by each defendant, and in two of the cases the bus line cross-claimed against the truck operator for damage to the bus. The cases were consolidated by court order. On trial, jury verdicts totaling over $100,000.00 were returned against Matanuska and Williams. Judgment in the consolidated cases consisted of the following individual recoveries against both defendants: Dorothy Neal, $75,000.00; Nathaniel Neal, Jr., $17,500.00; Wordie Frazier, $5,000.00; Prince Frazier, $3,500.00; Blanche Thomas, $500.00; together with attorneys' fees of $1,845.00 and costs taxed at $276.70. This judgment was entered on October 14, 1953, against both defendants. No mention was made of the cross-claim by Matanuska against Lois Williams, Matanuska filed motions that the judgment so entered be revised or vacated for failure to comply with Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Likewise, it filed objections to the proposed judgment, motions to set aside the verdicts, for new trial and to reduce the amounts of verdicts. These motions were all denied. An appeal was taken to this Court by Matanuska from the judgment and the order denying a new trial. This Court dismissed the appeals because of the provisions of Rule 54(b), Federal Rules of Civil Procedure.[1] This question was raised by the court itself, since Matanuska did not appeal from the order of the District Court refusing to vacate the judgment.

Upon remand, Matanuska filed motions to set aside the verdict or, in the alternative, for a new trial. These motions were denied. The District Court thereupon reentered the exact judgment in words and figures which had been previously entered October 14, 1953, except that the word "Final" is added to the word "Judgment" in the heading and the following paragraph is added:

"It is Ordered, Adjudged and Decreed that there is no just reason for delay in the entry of final judgment upon the verdicts returned by the jury and received and filed on September 24, 1953, and it is expressly Ordered that such final judgment be entered."

This entry is dated May 21, 1956. Thereupon, another motion for new trial was filed by Matanuska and denied. The present appeals followed.

At the outset, the appeal from the judgment and the denial of the motions for new trial will be considered. Most of the emphasis has been laid upon the motions for new trial. In this connection, it must be noted that such motions were denied by two different judges of this District of Alaska, Judge Folta, who tried the case with a jury, and Judge Mc-Carrey. The judges knew the terrain and the local conditions and were able to decide whether or not the verdicts should stand. Unless there were specific error at the trial, then these determinations should be upheld.

Dorothy Neal, Blanche Thomas and Wordie Frazier each had paid fair for transportation on the bus operated by a common carrier. Each complaint charged that the collision between the bus and the truck was "caused by the joint, concurrent and contemporaneous gross

---

1. Matanuska Valley Lines, Inc. v. Neal, 9 Cir., 229 F.2d 136.

recklessness and negligence of the defendants." Lois Williams, the truck owner and operator, charged that Matanuska was solely negligent. Matanuska charged that Lois Williams was alone negligent.

The evidence shows that the truck and the bus were approaching each other from opposite directions. Each could have seen the other at a considerable distance. There is conflicting testimony as to how far each actually saw the other. The collision took place on a curve. There is testimony indicating that the view of each was obscured to a certain extent by brush in approaching the curve where the collision took place. Lois Williams was drunk and did not exercise due care. Thus negligence of the truck owner was established.

[1] The question is whether there were evidence from which a jury might draw a reasonable inference that the bus driver was jointly or concurrently negligent. In a collision of cars proceeding in opposite directions on a highway, this question ordinarily must be submitted to the triers of fact. If the road conditions are not ideal, the submission of the question of negligence of each party to a collision is an obvious necessity.

However, the duty of a carrier for hire in respect to passengers who have paid fares establishes an extremely high degree of care upon its part.

Here the bus driver, who was a woman, did not have a working speedometer. There is testimony that the bus was in extremely bad condition otherwise. The bus driver, Lois Olson, testified that she had known the condition of the highway at this point for a long period of time, that she drove the run with the bus regularly. While her testimony is very contradictory and several other versions seem to be negatived, she finally testified that she saw the approaching truck five hundred feet away and knew that it was traveling at a high rate of speed. She knew the condition of the curve upon which the collision occurred. Testimony showed that this road at this point was a gravel road, bumpy, full of chuck holes and in a rough condition on the inside of the curve, upon which side the truck was proceeding. At this time, it was covered with a light snow and was icy and slippery. The testimony is quite conflicting as to speed of the bus, varying from ten miles an hour, which was the final estimate of the driver, although a previous statement by her was that she was going from fifteen to twenty miles an hour. Other witnesses estimated the bus to be traveling from thirty to thirty-five miles an hour. There is testimony likewise that the bus and the truck were traveling at the same rate of speed, and it is an established fact that the truck was traveling at a high rate of speed. Under these circumstances, the trial court was quite right in ruling that the cause must be submitted to the jury in order to determine whether or not the bus company was concurrently or jointly negligent with the truck owner. A new trial on this ground was properly denied.

[ ] It was also claimed as a ground for new trial that erroneous instructions were given by the trial court. The first related to the rates of speed permissible under the circumstances. The instruction carefully outlined the various conditions under which certain rates of speed were permissible under Regulations of the Board of Road Commissioners, adopted in accordance with Alaska law. It was stated in the instruction that under the same Regulations the speed was to have been no greater than "reasonable or prudent" under conditions existing at the time and place. In view of the record, there is no question that such instructions were correct. There was testimony that conditions existed under which each phase of the rule as given might have applied. The question was left to the jury by the instruction.

[ 4] It is also argued that the trial court was in error in refusing to allow to defendants more than three peremptory challenges. A.C.L.A. §§ 55–7–41, 55–7–50 (1949). The company complains that it was not allowed three peremptories, although the actions were

consolidated and tried before a single jury, pursuant to Rule 42(a), Federal Rules of Civil Procedure. The ruling was correct. However, the trial court offered to allow an additional challenge to counsel for Matanuska, if good cause were shown to the court therefor, but counsel demanded "an additional peremptory challenge as a matter of right." The record does not show that any prejudice resulted from the denial of an additional challenge, which is a necessity in order to show error in this type of case. Local 36 of International Fishermen & Allied Workers of America v. United States, 9 Cir., 177 F.2d 320, 342. Therefore, on the merits it is obvious that there was no ground for the appeal.

■■ In that part of the judgment which relates to the action brought by Dorothy Neal and Nathaniel Neal, Jr., and which was formerly appealed as No. 14,529 and is now on appeal as No. 15,-252, there was an instruction given by the trial court which related to the determination of the amount of damages of Dorothy Neal but did not affect the rights of any of the other appellees. Proper exception was taken at the time to this instruction, and it formed part of the basis for the argument for a new trial. The instruction given read as follows:

"In making an award for permanent loss of earning power, if any, the present worth of such award must be determined. The present worth of a sum of money payable in the future is such a sum as would, if put at simple interest, at the rate of return that a reasonable and prudent person would expect in making investments, amount to what the plaintiff, Dorothy Neal, could reasonably expect to earn during her life. To illustrate: the present worth of $10,000 payable 20 years from today is determined by using the following formula:

$$\frac{\$10,000}{1 \text{ plus } 20 \text{ times } .04} = \frac{\$10,000}{1.8} = \$5555.55$$

assuming that 4% interest would be the rate of return that a reasonable and prudent man would expect to obtain in making investments. It is for you to decide what that rate of return, or interest, would be, considering all the circumstances. Similarly the present worth of $1000 to be paid over a period of 10 years, with an assumed safe investment rate of 5% is calculated by dividing $1000 by the sum of one plus the number of years of life expectancy, times the investment rate or:

$$\frac{1000}{1 \text{ plus } (10 \text{ times } .05)} = \frac{1000}{1 \text{ plus } .05} = \frac{1000}{1.5} = \$666.66$$

"After you have determined what the plaintiff, Dorothy Neal would earn during her life, you should determine the present value thereof according to the foregoing formula, and award her that sum, if you find her entitled to recover for loss of earning power."

This Court disapproves of this instruction, both in form and in content. It involved giving a formula in figures as illustrative of the working of the rule said to be applicable. In the form in which it was given, it was unintelligible when it is considered that it was given to the jury by word of mouth and as a

part of a very long set of instructions on the case as a whole. Even if it be conceded that the formula was correctly announced, it is impossible for this Court to say that it did not affect the amount of the recovery. It is to be noted, however, that the question of liability is not affected. It is true that the court in a prior instruction, indicated other factors relating to damage. These are:

(1) Physical injuries, nature and extent;

(2) Physical pain;

(3) Mental pain;

(4) Future suffering and loss of health;

(5) Past and future loss of time and inability to work.

In view of the fact, however, that Dorothy Neal is entitled to retain her judgment on the basis of the proven liability of Matanuska, and since it is obvious that she was entitled to a considerable amount of damages which have already been awarded, this Court is of the opinion that a new trial should not be ordered and that the judgment should not be reversed. This Court has no means of discovering, however, whether there was or was not any increase in the damages allowed to plaintiff Dorothy Neal by the jury beyond those to which she was entitled in view of the testimony at the trial. We believe that the local trial judge is in a position to review the record and take such other evidence and testimony as he may choose and, if he find said damages to be excessive, to require plaintiff Dorothy Neal to file a remittitur to allow her to retain the award to an adequate but not excessive amount, and, in the event she will not file such a remittitur if given the opportunity to do so by the trial court, then to grant a new trial. The judgment in the other respects is affirmed. The judgment as it pertains to Dorothy Neal is affirmed subject to the conditions above announced.

Upon this appeal, questions new in every particular have been raised by Matanuska. In the record on the previous appeals, although the motion in the trial court prior to the first appeal to amend the entry of judgment to conform to the provisions of Rule 54(b) was printed, the order of denial thereof by the trial court was not included. And the later ruling was not assigned as error. Although a supersedeas bond was printed in the record, no question was raised as to its validity. When the present appeals were taken, Matanuska made motions that the trial court should discharge the cost bonds and supersedeas bonds filed on the previous appeal and for a further order exonerating the sureties thereon. The trial court denied these motions. At the time, appellees moved for judgment on the supersedeas bonds against the sureties. This motion the trial court likewise denied, Matanuska appealed from the denial of its motions and attempted to join at least some of the sureties upon the bonds. We hold the rulings of the trial court were correct.

In our opinion, reported as Matanuska Valley Lines v. Neal, 9 Cir., 229 F.2d 136, 138, the direction to dismiss the appeals was made upon the simple procedural ground of lack of conformity to the Rule. It was there said:

"Nothing herein is intended to invade the province of the district judge * * *."

And again, in discussing whether a new trial would be mandatory when the case was sent back, we said:

"The verdicts now stand with no judgment. A transcript has been made. The case will belong absolutely to the next trial judge who picks it up. If he should desire to enter an appropriate judgment, complying with Rule 54(b) and deny a new trial, a single new appeal could be made herein and this court has power to order the use of the previously printed record."

In any event, upon the new appeals and record, it clearly appears that the omission of the certificate was a mere clerical misprision, caused possibly by the belief of the former judge that the

judgment was a finality in that form. We hold that the trial court had power and jurisdiction to enter the judgment on the verdicts. It was a finality except for a clerical omission, which has now been cured. The fact that this Court took jurisdiction of the former appeals and dismissed them did not destroy the judgment, since the District Judge has now added the certificate.

The identical text and substance of the judgment, which was previously entered, were brought into question in this appeal. The District Judge simply added the formal language which was required by this Rule. There was no other change. Therefore, the points raised upon the merits which have just been adjudicated against Matanuska were identical upon all these appeals. The same record and briefs were used in the presentation as on the previous appeal as to the merits.

Neither the opinion nor the mandate placed the dismissal upon grounds of lack of jurisdiction in the appellate court. If the judgment could not have been a finality upon the record, the dismissal might have been so founded. For even the certificate of the trial judge could not make a judgment final under 28 U.S.C.A. § 1291, if it were not so in fact.[2]

This Court did note the peculiar situation in the court below. But, as of the present time, it is our policy to dismiss all appeals which do not conform to Rule 54(b) on the procedural ground alone. The suggestion of appellees that the trial court enter a nunc pro tunc order interferes with the discretion of the trial judge.

If the first appeal had been taken from the refusal of the former trial judge to make the entry conform to Rule 54(b) and the record had disclosed that execution issued on the judgment and a supersedeas bond had been posted, this Court might have directed an amendment of the judgment at the time.

The condition of a supersedeas bond, which Matanuska asked to be discharged, reads as follows:

"The condition of this Bond is that if the Judgment in full herein be satisfied, together with costs, interest and damages for delay if for any reason the appeal heretofore taken in this cause be dismissed; or if the Judgment be affirmed or modified and as affirmed or modified be satisfied in full together with such costs, interest and damages as the United States Court of Appeals for the Ninth Circuit may adjudge and award then this Bond shall be null and void; otherwise to remain in full force and effect."

The condition of the bond is that, if for any reason the appeal heretofore taken be dismissed, Matanuska will satisfy the judgment.

If the face of the bond be considered, the obligation thereof was in full force and effect. The appeals had been dismissed. The judgment should have been paid and satisfied or the sureties stood liable. The authorities cited by Matanuska have no relevance. The trial court had jurisdiction to enter judgment upon these verdicts. The judgment, until modified, was valid between the parties. When technical requirements were fulfilled, this Court had found it valid and without error.

The trial court, however, did not enter judgment against the sureties. When Matanuska moved to have another bond set for these new appeals, the trial court refused. It is to be noted Matanuska did not offer to substitute new and acceptable supersedeas bonds. The effect of the action of the trial court was to leave all bonds in effect. Matanuska accepted all the benefits of this action. New appeals were taken. No further bonds were posted. By consideration of

2. "The District Court *cannot*, in the exercise of its discretion [under Rule 54 (b)], treat as 'final' that which is not 'final' within the meaning of § 1291."

Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L. Ed. 1297.

this Court, no filing fee was charged on the new appeals, upon motion of Matanuska. On like motion, the briefs and record on the merits were considered on the renewed appeals. Matanuska has had the advantage of the stay of execution for some years. But it is urged Matanuska is now bankrupt and the sureties alone will have to satisfy the judgment. If the execution had not been stayed some years ago, appellees might well have collected from Matanuska alone. Therefore, it is not unjust that the sureties should pay the obligation which they assumed in order to obtain time to present the matter to this Court.

The former appeals were valid. This Court accepted jurisdiction thereof and heard them. We did not attempt to determine whether an appeal might have been taken in this controversy which was wholly independent of the claim by Matanuska and Lois Williams. It may have been a final judgment irrespective of the Rule.[3] We did not determine whether the District Court may have abused its discretion in failing to add this technical clause to the original judgment before the first appeal.[4] These questions were not presented to us. This Court has simply taken the position that appeals must be dismissed if the judgment does not conform to the procedural requirements of Rule 54(b).[5] The provision is not only for the benefit of litigants, but for the protection of the court against multiple appeals in a single cause. We disapprove of the practice of holding such appeals in abeyance and in effect directing the trial judge to enter a nunc pro tunc order certifying "that no just reason for delay" exists. By dismissal of the appeals, the discretion of the trial judge is not destroyed. Here the remand was for further proceedings. Complete freedom of action was left to the District Court. A new trial could have been granted. A trial on the separate issue could have been allowed. The District Judge could have changed the judgment in any way desired. Our opinion made this all plain. Matanuska Valley Lines, Inc. v. Neal, 9 Cir., 229 F.2d 136.

However, since the trial court did not take any of these steps, but simply made a certificate which brought the judgment into conformity with the Rule, the ruling refusing to vacate the bonds was not error.

The judgment as a whole is affirmed, unconditionally as to items subject of appeals 15,253, 15,254 and the portion relating to Nathaniel Neal, Jr., subject of appeal in 15,252. The portion of the judgment relating to Dorothy Neal, also appealed from in 15,252, is affirmed subject to further proceedings in accordance with the directions of this opinion.

3. "An adjudication final in its nature as to the general subject of the litigation may be reviewed without awaiting the determination of a separate matter affecting only the parties to such particular controversy." United States v. River Rouge Imp. Co., 269 U.S. 411, 414, 46 S. Ct. 144, 145, 70 L.Ed. 339. See Williams v. Morgan, 111 U.S. 684, 4 S.Ct. 638, 28 L.Ed. 559; Forgay v. Conrad, 6 How. 201, 47 U.S. 201, 12 L.Ed. 404; see also Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 439, 441–442, 76 S.Ct. 895, 100 L.Ed. 1297.

4. Although appellants had moved the District Court to amend the judgment in conformity with Rule 54(b), the order of denial was not assigned as error on ap-peal. If it had been, this Court might have held the judgment final and that the discretion of the trial court had been abused. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297. In default of such an assignment, dismissal was proper.

5. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S.Ct. 895, 100 L. Ed. 1297, and also see Winsor v. Daumit, 7 Cir., 179 F.2d 475, 478. It is obvious that a judgment may be interlocutory or that on its face it may not be final. In such cases, the language "dismissed for want of jurisdiction" would be proper, since conformity with the statute itself, 28 U.S.C.A. § 1291, is jurisdictional.