**METAL COATING CORPORATION,**
a corporation, Appellant,

v.

**NATIONAL STEEL CONSTRUCTION**
**CO., a corporation, Appellee.**

No. 19213.

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1965.

Ford E. Smith, Smith & Mattern, Seattle, Wash., William A. Marshall, Merriam, Smith & Marshall, Chicago, Ill., for appellant.

Orland M. Christensen, Seattle, Wash., N. Paul Moats, Clinton, Moats, Andersen & Fleck, Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

PER CURIAM.

Metal Coating Corporation brought this action against National Steel Construction Co. to enjoin infringement of its United States Letters Patent No. 3,030,891, "Liquid Supply Pumping System." Plaintiff sought an injunction, an accounting for damages and profits, and a monetary judgment for treble damages. In addition to the infringement claim, the complaint contains claims for unfair competition and for unfair or deceptive acts or practices in trade or commerce in violation of Chapter 216, Session Laws of Washington, 1961. Injunctive and monetary relief was also sought on these claims.

Defendant answered, raising various defenses and counterclaiming for a judicial declaration that Letters Patent No. 3,030,891 is invalid. Defendant then moved for a summary judgment against plaintiff on the latter's infringement claim and, in this connection, voluntarily withdrew its own counterclaim on the issues of validity. Plaintiff countered with a cross motion for summary judgment on the issue of unfair competition

and, at the same time, moved for leave to amend the complaint to add additional allegations concerning unfair competition.

A hearing was held on defendant's motion for summary judgment and plaintiff's motion for leave to amend the complaint, but, insofar as the record before us indicates, not on plaintiff's cross motion for summary judgment. Defendant's motion for summary judgment on the infringement issue was granted, and a purported final judgment was entered decreeing that none of the claims of the patent are infringed by certain described activities of defendant. At the same time plaintiff's motion for leave to amend the complaint was granted. Defendant thereafter answered the amended complaint and moved for leave to amend its answer to add a counterclaim seeking injunctive and monetary relief for unfair competition. Thereafter, plaintiff appealed from the summary judgment for defendant on the infringement issue.

Defendant moved in this court to docket and affirm the judgment or, in the alternative, to dismiss the appeal. The ground on which these alternative motions were made was that at a pretrial conference in the district court plaintiff expressly waived appeal and agreed that the judgment to be entered ended the patent infringement matter. There was no stenographic reporter in attendance at the pretrial conference in question. Defendant, however, obtained from the district court, and made a part of the record, a "Statement to Complete Record of Evidence and Proceedings under Rules 75(h) and 75(n) F.R.C.P.," purporting to set forth the relevant proceedings at the pretrial conference.

Plaintiff opposed the motion to affirm or dismiss, and also moved in this court under Rule 75(h), Federal Rules of Civil Procedure, to clarify or correct the record by excluding from the record the "Statement" referred to above. These two motions were thereafter orally argued at a hearing in this court.

In reviewing the record for the purpose of disposing of these motions we have noted circumstances which require us, on our motion, to dismiss the appeal because taken from a nonappealable order.

As stated above, the order and purported judgment only disposed of the infringement issue, leaving undecided plaintiff's unfair competition claim and claim for violation of Chapter 216, Session Laws of Washington, 1961. Moreover, after entry of that order and purported judgment, and before a notice of appeal was taken therefrom, defendant interjected a counterclaim for unfair competition which also remains undecided.

Nowhere in the order or purported judgment is there any "express determination that there is no just reason for delay," nor is there any "express direction for the entry of judgment." Under Rule 54(b), Federal Rules of Civil Procedure, such a determination and such a direction are required where it is sought to impart finality to an order or judgment which does not dispose of all claims. The order and purported judgment are therefore not final and appealable. See Massa v. Jiffy Products Co., Inc., 9 Cir., 238 F.2d 228; Bergman v. Aluminum Lock Shingle Corporation of America, 9 Cir., 237 F.2d 386.

Consistent with the procedure followed in the Massa and Bergman cases, it is ordered that if, after the certified copy of the judgment dismissing this appeal goes down, the district court sees fit to make the express determination and to give the express direction mentioned in Rule 54(b), and to enter judgment in conformity therewith, and if plaintiff appeals from such judgment, defendant's motion to affirm or dismiss, and plaintiff's motion to clarify or correct the record will be deemed directed to the new appeal and will be considered on the record and briefs now on file and on the argument already had, unless, as to either motion, the moving party advises the court that it withdraws its motion pending before us. We are not to be understood as suggesting that the dis-

trict court should or should not make the express determination or give the express direction mentioned in Rule 54(b), these being matters exclusively within the district court's discretion.

The appeal is dismissed.