424 F.2d 485
 William and Maxine CAREY, Plaintiffs-Appellees,
v.
GREYHOUND COMPANY, Defendant-Appellant.
William and Maxine CAREY, Plaintiffs-Appellants,
v.
GREYHOUND CO. and Ellis D. Clark and Kenneth Glasgow, etc.,
Defendants-Appellees.
William and Maxine CAREY, Plaintiffs-Appellees,
v.
Ellis D. and Jane D. CLARK, Kenneth and Jane D. Glasgow,
Defendants-Appellants.
 Nos. 23981, 24018 and 24158.
 United States Court of Appeals, Ninth Circuit.
 April 3, 1970.
 
 D. T. Mohlman (argued), Henry E. Kastner, J. Kenneth McMullin, of Williams, Lanza, Kastner & Gibbs, Seattle, Wash., for Greyhound Co.
 Richard M. Holt (argued), of Cushman, Thomas & Holt, Issaquah, Wash., W. R. McKelvy (argued), of Skeel, McKelvy, Henke, Evenson & Beets, Seattle, Wash., for appellees.
 Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.
 DUNIWAY, Circuit Judge:
 
 
 1
 This action was filed on January 19, 1965, but it has never been tried. It arises from an accident described in the opinions in Tashire v. State Farm Fire & Cas. Co., 9 Cir., 1966, 363 F.2d 7, reversed, State Farm Fire & Cas. Co. v. Tashire, 1967, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270. The accident occurred in September, 1964. The present action was filed in the Western District of Washington by William and Maxine Carey, husband and wife. The defendants are Greyhound Company, Ellis Dean Clark and wife, and Kenneth Glasgow and wife. The purpose of the action was to recover damages for Maxine's personal injuries. She was a passenger in a Greyhound bus which collided with a pickup truck and trailer. The truck belonged to Glasgow; Clark was driving it at the time of the accident.
 
 
 2
 The Careys are citizens and residents of Washington; the Clarks and the Glasgows are citizens and residents of Oregon. Greyhound is not a citizen of Washington, but does business there. The accident occurred in California. At first, the action was stayed by stipulation, pending disposition of the Tashire case in Oregon. On October 6, 1967, the court entered a pretrial order and transferred the action to the District of Oregon. On April 3, 1968, the action was retransferred to the Western District of Washington.
 
 
 3
 The three appeals now before us are all from interlocutory orders. We conclude that none is appealable.
 
 
 4
 1. No. 23,981, the appeal of Greyhound.
 
 
 5
 Greyhound, in October 1968, moved to amend the pretrial order and its answer to state a cross-claim against the defendants Clark and Glasgow for $50,000 for damage to its bus. The court denied the motion. On November 22, it entered an order reading, in part:
 
 
 6
 'ORDERED and ADJUDGED that the motion of the defendant Greyhound Company to amend its answer by adding a cross claim against the defendants Clark and Glasgow for alleged damages to its bus in the sum of $50,000.00 be and it is hereby denied. It is further ORDERED and ADJUDGED that in furtherance of the court's memorandum order of October 17, 1968, granting the motion of defendants Glasgow for summary judgment of dismissal, the above entitled case is hereby dismissed with prejudice as to the defendants Glasgow with costs.'
 
 
 7
 This order does not dispose of the entire action; it only denies leave to Greyhound to file a cross-claim and dismisses the action as to the Glasgows. The action as between the Careys and Greyhound and the Clarks remains. The court did not make the statement contemplated by 28 U.S.C. 1292(b). Thus the order is not an appealable interlocutory order. Nor did it make the 'express determination and direction' contemplated by Rule 54(b) F.R.Civ.P. Thus the order is not a final decision under 28 U.S.C. 1291. On the contrary, as provided in Rule 54(b), it 'is subject to revision at any time before final judgment adjudicating all claims and the rights and liabilities of all the parties.' It is not appealable. See Metal Coating Corp. v. National Steel Const. Co., 9 Cir., 1965, 350 F.2d 521; Atterbury v. Carpenter, 9 Cir., 1962, 310 F.2d 126; Miles v. City of Chandler, 9 Cir., 1961, 297 F.2d 690; Matanuska Valley Lines, Inc. v. Neal, 9 Cir., 1955, 229 F.2d 136, 16 Alaska 42.
 
 
 8
 2. No. 24,018, the appeal of the Careys.
 
 
 9
 The Careys appeal from the foregoing order of November 22, insofar at it purports to be a Judgment of Dismissal of the Glasgows, and from an order denying their motion to amend the pretrial order to permit them to state additional theories of liability against the Glasgows.
 
 
 10
 The defendants Glasgow had moved for a summary judgment of dismissal on the ground that no joint venture between Glasgow and Clark was shown. In a memorandum order of October 17, 1968, the district court granted that motion. The order recites:
 
 
 11
 'The evidence, including all permissible inferences to be drawn therefrom, fails to establish any joint control or mutual interest in any anticipated profit from the venture. In short, there was no community of interest from which a joint venture could possibly be inferred. Defendant Glasgow's motion is granted. Inasmuch as the liability of Glasgow is predicated on joint venture plaintiffs' action against him is dismissed with prejudice.'
 
 
 12
 This was followed by the November 22 order quoted above. In a separate order on November 22, the court also ruled
 
 
 13
 'that it would refuse to amend the pretrial order to consider any theory of liability of Glasgow other than that based on joint venture * * *.' 'The motion of plaintiff and defendant, Greyhound Lines, Inc., to have the Court consider the liability of defendants Glasgow on the basis of agency, master-servant, owner operator, Oregon case law, and/or the aforementioned California statute is denied.'
 
 
 14
 For the reasons already stated these orders are not appealable.
 
 
 15
 3. No. 24,158, the appeal of the Clarks and the Glasgows.
 
 
 16
 These parties moved to dismiss the action on the ground that the court lacked personal jurisdiction over them. The court denied the motion. Its January 17, 1969 order from which they appeal recites that both the Clarks and the Glasgows had entered general appearances, that in the pretrial order the question of jurisdiction over their persons had not been raised or included, that it had entered the orders from which the other appeals have been taken, and
 
 
 17
 'In particular, the court thought it would be unfair to the defendants Glasgow because they had the right to challenge and may very well have successfully challenged the jurisdiction of this court over their person at the time the Pretrial Order was entered, but they were content to give up such right and proceed to trial upon the theories of liability at that time contended in the Pretrial Order.'The order continues:
 
 
 18
 'It is further ORDERED that if the appeal of the plaintiffs from the Order Denying Plaintiffs' Motion to Amend the Pre-Trial Order providing for additional theories of liability against the defendants Glasgow, and the Judgment of Dismissal as to Defendants Glasgow, entered in this action on the 22nd day of November, 1968, and/or the appeal of the defendant Greyhound Company from the Order Denying Greyhound Motion to Amend Answer by Adding Cross-Claim and Judgment of Dismissal as to Defendants Glasgow, entered in this action on the 22nd day of November, 1968, is entertained by the United States Court of Appeals for the Ninth Circuit, then pursuant to the provisions of Title 28, U.S.C. 1292, the defendants Clark and Glasgow are hereby granted an interlocutory appeal from this order, this court being of the opinion that in such circumstances there is a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the orders of this court set forth in paragraphs 1, 2, and 3, above[1] may 1. The three paragraphs read:
 
 
 19
 'ORDERED as follows:
 
 
 20
 1. That the motions of defendants Clark and Glasgow to assert affirmative defenses in their respective answers that the court has no jurisdiction over them because of insufficiency of process are hereby denied.
 
 
 21
 2. That the motion of said defendants to dismiss for lack of jurisdiction over them is hereby denied.
 
 
 22
 3. That the motion of said defendants for summary judgment of dismissal on the ground that the court lacked jurisdiction over them because of insufficiency of process is hereby denied.' materially advance the ultimate termination of the litigation in this action which was instituted on January 19, 1965, four years ago, and is the oldest case on this court's calendar.'
 
 
 23
 Thus the court's invocation of section 1292(b) is conditional upon our entertaining at least one of the other two appeals, which we do not do. The condition has not been met, and the appeal must fail.
 
 
 24
 All of the orders appealed from remain interlocutory and subject to such revision, if any, as the court may deem proper. (Rule 54(b).) This is not a case in which we would be favorably disposed toward entertaining any more interlocutory appeals. This is an ordinary action for personal injuries; it ought to be tried and finally disposed of.
 
 
 25
 Each appeal is dismissed, with costs to the appellee or appellees in each case.