UNITED CALIFORNIA BANK, a California banking corporation, Plaintiff,

v.

Robert N. FADEL et al.

Robert N. FADEL, Defendant/Cross-Claimant/Cross-Defendant/Appellant,

v.

The HARTFORD ACCIDENT AND INDEMNITY COMPANY and United States of America, Department of Internal Revenue Service, Defendants/Cross – Defendants/Cross – Claimant (Hartford)/Appellees.

No. 71–1374.

United States Court of Appeals, Ninth Circuit.

July 12, 1973.

Alvin D. McNeil, San Francisco, Cal., Theodore S. Tabah, Encino, Cal., for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., Johnson, Davies, Greve & Clifford, Sacramento, Cal., Milton M. Newmark, Lafayette, Cal., Thomas W. Olson, Jr., Sacramento, Cal., McCormick & Williams, Los Angeles, Cal., John K. Derham, Joseph A. Kiernan, San Francisco, Cal., for appellees.

Before MERRILL, CARTER and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Fadel appeals from an order dismissing his cross-claim for lack of jurisdiction over the subject matter. We dismiss on another ground.

The principal suit arose when United California Bank brought an interpleader action to determine the ownership of funds in a savings account standing in the name of Robert N. Fadel. Defendants Hartford Insurance Group, United States and Fadel each answered and asserted an interest in the funds. Hartford's claim was based on an assignment from Fadel. The United States asserted a federal tax lien on the funds. Fadel's answer included a cross-claim in which he sought to demonstrate that he was not the taxpayer against whom the United States should proceed to satisfy the lien and that Hartford should be declared liable for the unpaid taxes based on the actions of its agent. Fadel sought a declaration that he was not liable to the United States for unpaid taxes.

Hartford twice sought dismissal of Fadel's cross-claim for lack of subject matter jurisdiction under Rule 13(g). The district judge found that the cross-claim related substantially to the claims of Hartford and the United States to the bank account. Hartford then contended that the district court lacked jurisdiction over the cross-claim since Fadel sought to avoid or challenge a tax assessment without first paying the assessment. The district court granted the motion on the basis of 26 U.S.C. § 7421 which prohibits suits to restrain

the assessment or collection of federal taxes.

■ We must first determine on our own motion whether the dismissal of Fadel's cross-claim is a final judgment which enables us to entertain an appeal. If not, we must dismiss for want of jurisdiction whether or not appellee has moved for dismissal. Atkins, Kroll (Guam), Ltd. v. Cabrera, 277 F.2d 922, 923 (9th Cir. 1960).

Rule 54(b) of the Federal Rules of Civil Procedure provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The rule is intended to prevent piecemeal litigation and provides a process of certification in which a district judge can certify a claim for appeal only if he makes an express determination that there is no just reason for delay and an express direction for the entry of judgment. Rule 54(b) must be strictly complied with although there are instances where a collateral order can have the required finality for an appeal. See 6 J. Moore, Federal Practice ¶ 54.31 (2d ed. 1972).

■ Here the cross-claim related substantially to the monies involved and the other claims spawned by the interpleader. The cross-claim was an ingredient of the interpleader and was not separable or collateral. Certification by the district court was required. 6 J. Moore, Federal Practice ¶ 54.35 [2] (2d ed. 1972). Since the district court did not certify the dismissal of the cross-claim, this appeal is dismissed. See Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234, 236 (9th Cir. 1967); Metal Coating Corp. v. National Steel Construction Co., 350 F.2d 521, 522 (9th Cir. 1965); Matanuska Valley Lines v. Neal, 229 F.2d 136, 138 (9th Cir. 1955).