ROY NOBLE LEE, Chief Justice,
for the Court:
South Mississippi Abstract and Title Company filed a petition for interpleader in the Chancery Court, Second Judicial District, Harrison County, Mississippi, seeking an order for interpleading $404,745.52, the amount held in trust by it for the purchase of the La Linda Motel in Biloxi, Mississippi. The respondents/defendants joined and processed in the action were John Z. Win-ski, La Linda, Inc., and Christina Louise Robertson, Executrix of the Estate of Marian Winski, Deceased. Answers, claims, counterclaims and cross-claims were filed by the defendants.
The lower court ordered that the prayer of the interpleader be granted and that the said sum be paid into an interest-bearing account designated by the court. John Z. Winski and La Linda, Inc. filed a motion for summary judgment, the lower court sustained the motion as to disposition of the money interpled, and ordered that it be paid to La Linda, Inc. The court declined to assume jurisdiction and consider the cross-claim filed by Christina Louise Robertson, Executrix of the Estate of Marian Winski, against La Linda, Inc. and John Z. Winski. Christina Louise Robertson, Executrix, has appealed to this Court assigning two (2) errors in the proceedings below.

Facts

John Z. Winski and Marian Winski, husband and wife, were the sole shareholders and directors of La Linda, Inc., each owning fifty percent (50%) of the stock. John Z. Winski was president of the corporation and Marian Winski was secretary. The corporation’s major asset was the La Linda Motel, located in Biloxi, Mississippi. The Winskis decided to sell the motel and the transaction was handled for the purchaser through South Mississippi Abstract and Title Company, and the net proceeds to the corporation from the sale amounted to $404,745.52. A check in that amount was forwarded to John Z. Winski, payable to La Linda, Inc., on February 6, 1987.
Prior to closing the sale the Board of Directors of La Linda, Inc. passed a resolution on January 24, 1987, that the corporation be liquidated. The resolution authorized the officers of the corporation to sell any and all properties to facilitate liquidation and provided that the assets of the corporation be distributed to the shareholders. An election to dissolve the corporation was filed with the Internal Revenue Service on behalf of La Linda, Inc., and, as a result, the title company required deeds from the Winskis as individuals as well as La Linda, Inc., the record titleholder.
*1310 Upon receipt of the check in the sum of $404,745.52, John Z. Winski turned it over to Marian Winski, the secretary, for deposit. Instead of depositing the check, Marian Winski placed it in her personal safety deposit box. A few days after closing, she telephoned John Hoffman of the title company and advised him that he could expect to be contacted by John Z. Winski who would say that the check for the proceeds of the sale had been lost and would request that a new check be issued and delivered to him. She asked that the company not issue a new check because she felt that if John Z. Winski claimed all the net proceeds, she would not get her share of the sale. Further, she told Hoffman that she was keeping the original check in a safety deposit box until she and John Z. Winski could resolve their dispute as to the distribution of the proceeds.
Later, John Z. Winski did telephone Hoffman and advised that the settlement check had been lost and requested that a new check be issued and delivered to him. Hoffman informed John Z. Winski that he had been told by Marian Winski that she had the original check and would hold it until the two of them could resolve their dispute over the proceeds. Hoffman told him that no check would be issued. Subsequently, Marian Winski telephoned Hoffman several times urging him not to issue a new check “because her interest therein would be squandered and forever lost, if John Winski ever gained complete possession and control over [the] proceeds.” Subsequently, Marian Winski committed suicide without the dispute as to the check having been resolved and with the check still in her safety deposit box.
The title company was of the opinion that the purchase money check was in the possession and control of Christina Louise Robertson, who had qualified as Executrix of the Estate of Marian Winski, and, since John Winski, La Linda, Inc. and Christina Louise Robertson, Executrix, each claimed all or part of the funds represented by the check, which were in the title company’s trust account, the title company sought to interplead the funds into the Chancery Court of Harrison County, pursuant to MRCP 22.

Law

L — II.
THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF LA LINDA, INC. WHEN THERE EXISTED DISPUTED ISSUES OF MATERIAL FACT AS TO THE ENTITLEMENT TO THE FUNDS WHICH HAD BEEN INTERPLED INTO COURT.
THE LOWER COURT ERRED IN REFUSING TO ASSUME JURISDICTION TO CONSIDER THE CROSS-CLAIM FILED BY CHRISTINA LOUISE ROBERTSON, EXECUTRIX OF THE ESTATE OF MARIAN WINSKI, AGAINST JOHN Z. WINSKI AND LA LINDA, INC. REGARDING THE CONTESTED CLAIM OF THE VARIOUS PARTIES TO THE INTERPLED FUNDS.
The two assigned errors raise the principal issue of whether or not the lower court erred in declining to assume jurisdiction of the claims asserted by the three respondent/defendants La Linda, Inc., John Z. Winski and Christina Louise Robertson, Executrix.
The petition for interpleader was filed by South Mississippi Abstract and Title Company because (1) La Linda, Inc. claimed all the funds held in trust by the title company, ie., $404,745.52; (2) John Z. Winski claimed all or a substantial part of said funds; and (3) the Estate of Marian Winski claimed fifty percent (50%) of the funds as stockholder and an additional substantial amount as a creditor of La Linda, Inc.
La Linda, Inc. filed an answer and counterclaim against the title company and, in the same instrument, a cross-claim against Christina Louise Robertson, Executrix. The cross-claim asserted a claim in the sum of $404,745.52, the net proceeds of the sale of the La Linda, Inc. property plus $10,-793.21, plus exemplary damages in the amount of $500,000, or a total claim against Christina Louise Robertson, Executrix, of $915,538.73, growing out of the sale of the La Linda, Inc. property and the *1311 funds interpled by the title company. John Z. Winski answered the petition, individually, and signed the answer, counterclaim and cross-claim of La Linda, Inc. as president of the corporation. Christina Louise Robertson, Executrix, answered the petition for interpleader, asserted her claim on behalf of the Estate of Marian Winski to one-half (½) of the proceeds interpled into court, i.e., $202,372.76, or ⅝ of the net proceeds of the dissolution of La Linda, Inc., after payment of expenses and creditors, whichever was the greater.
Robertson, Executrix, filed a cross-claim against La Linda, Inc. and John Z. Winski for all unclaimed wages, salaries, commissions, bonuses, dividends, and proceeds of the dissolution of La Linda which she claimed were due based on Marion Winski’s status as an employee and shareholder of the corporation. She also asserted a claim for repayment of $300,722.37 that was used to pay off the debt on La Linda Motel. She further sought injunctive relief to prevent La Linda, Inc. and John Z. Winski from disposing of any of the corporate assets without prior approval of the court.
We emphasize that the three parties involved, claiming either all or a substantial part of the proceeds interpled by the title company into the registry of the court, answered the petition for interpleader and asserted their claims to the funds held by the court. The basis of the claims and cross-claims asserted was the funds inter-pled, the dealings and transactions between the parties and their claims asserted by reason of those business dealings. They had become so intertwined and mingled that the claims arose from them.
MRCP 13(g) provides as follows:
A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the claim asserted in the action against the cross-claimant.
The lower court gave no reason for its refusal to assume jurisdiction over the cross-claim of the executrix or the cross-claim and counterclaim of La Linda, Inc. Such refusal properly should have been based on the question of whether the cross-claim and counterclaim arose out of the same transaction or occurrence that was the subject matter of the original inter-pleader action or was related to any property that was the subject matter of the original action. We have already noted that those claims did arise out of the same transactions and were intertwined with the subject matter of the original action.[1]
In First National Bank of Vicksburg v. Middleton, 480 So.2d 1153 (Miss.1986), this Court decided that the trial court could determine, in the course of the interpleader action, which of two brothers was entitled to the funds and could also adjudicate one brother’s counter claim against the bank for refusal to release the funds. In the case sub judice, all the parties were brought into the action, full and complete claims were stated and sworn to by the parties, they arose from the funds inter-pled and the actions of the parties in connection with the interpled funds and all issues were ripe for decision by the lower court.
In United California Bank v. Fadel, 482 F.2d 274 (9th Cir.1973), an interpleader action was filed to determine the ownership of a savings account in cross-claimant’s name. The Court held that the cross-claim seeking a declaration that the cross-claimant was not liable for unpaid taxes and that the other defendant was liable substantially related to the interpleader action and was proper.
In Lenske v. Knutsen, 410 F.2d 583 (9th Cir.1969), the Court held that, in a foreclosure action, Knutsen, the mortgagor/de *1312 fendant, could cross-claim for fraud against a co-party claiming an interest in property, since Knutsen “sought to be established as owner of the property subject to the rights of the Government as mortgagee and to be entitled to any surplus from a judicial sale. In this respect his claim related to the property that was the subject' of the Government suit, and it was properly the subject of a cross-claim under Rule 13(g).”
Jefferson Standard Ins. Co. v. Craven, 365 F.Supp. 861, 866 (M.D.Pa.1973), held that, in an interpleader action by an insurance company naming a mother and sons defendants to adjudicate claims to the proceeds of five life insurance policies of father and husband, the cross-claim of the mother against the sons involving proceeds of a sixth policy not involved in the inter-pleader action was proper because the mother’s claim of undue influence involved the same factual and legal issues.
We are of the opinion that the lower court had jurisdiction to hear and determine all claims of the parties which were stated and presented in the sworn pleadings and the lower court committed reversible error in declining to assume jurisdiction and resolve those issues. Therefore, the judgment of the lower court is reversed and the cause is remanded for trial. On remand, assuming that appellee’s brief is correct in stating that a separate action involving the same issues is pending in the court below, that action should be consolidated with this cause.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.

. La Linda, Inc. stated in its brief that, following summary judgment below, the estate filed a separate action "seeking the identical relief as the cross-claim ... [and] has thereby rendered this a moot question."