GLENS FALLS INDEMNITY COM-
PANY, a corporation, and E. F.
Grandy, Inc., Appellants,

v.

AMERICAN SEATING COMPANY, a
corporation, Appellee.

No. 14258.

United States Court of Appeals
Ninth Circuit.

Aug. 30, 1955.

Fritz K. Knust and Frank M. Rosson, San Antonio, Tex., for appellant.

Garrett R. Tucker, Jr., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

McCall & McCall, John E. McCall, Albert Lee Stephens, Jr., Los Angeles, Cal., for appellants.

Wolfson & Essey, Irving H. Green, Burnett L. Essey, Beverly Hills, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and WIIG, District Judge.

**PER CURIAM.**

This is a diversity case. In the trial court, American Seating Company, a New Jersey corporation, was plaintiff. Glens Falls Indemnity Company, a New York corporation, E. F. Grandy, Inc., a California Corporation, and Farmers and Merchants Bank of Long Beach, a California bank, were defendants. Claims against the respective defendants were not separately stated, but one claim definitely was asserted against Glens Falls and Grandy. A different claim on a different theory was asserted against Farmers and Merchants Bank of Long Beach. Both claims arise out of the fact that American Seating on a construction job did not get paid for materials it furnished one Murphy, a subcontractor of Grandy, the main contractor on a government contract.

The court proceeded to try the issues between American Seating on the one hand and Glens Falls and Grandy on the other, reserving the issues with the Farmers and Merchants Bank until final settlement of the issues of American Seating versus Glens Falls and Grandy. Upon conclusion of the trial, the court made findings of fact and conclusions of law. Thereupon, judgment was entered in favor of American Seating and against Glens Falls and Grandy for the amount of American Seating's demand.

Here is a judgment upon one of multiple claims. The record is devoid of any indication of compliance with Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Under such circumstances, the appeal herein is premature. An order will be entered dismissing the appeal.