Homer E. GILLESPIE, Catherine L. Gillespie and Gillespie Games Company, a corporation, Appellants,

v.

Coma F. NORRIS, individually and doing business as C. F. Norris Manufacturing Company, Appellee.

No. 14674.

United States Court of Appeals Ninth Circuit.

Feb. 28, 1956.

Eric A. Rose, Albert D. White, Long Beach, Cal., for appellants.

William C. Babcock, Frederick Mueller, Long Beach, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and WALSH, District Judge.

JAMES ALGER FEE, Circuit Judge.

This action for infringement of patent was brought by filing complaint. An answer was then filed containing general denials and an affirmative defense, which sets up several prior patents claimed to anticipate the device patented and to show that it lacked novelty, utility and invention, and a "counterclaim", which is actually a claim for damages against plaintiffs as a result of conspiracy to use the letters patent in restraint of trade. An "Answer to Counter-claim" appears in the record, but the denials apparently do not refer to the paragraphs of the answer which embody the counterclaim. As to whether issues were created is questionable. There was also an affirmative defense to the "counterclaim" for failure to state sufficient facts, but again the application is doubtful. Defendant made a motion for summary judgment "dismissing the complaint and for the relief demanded in defendant's counterclaim" and, in the alternative, "for an order striking plaintiff's complaint and dismissing the action with prejudice" for failure of plaintiff to answer interrogatories.

The judgment, after reciting that "there is no genuine issue of fact," reads: "And the Court having made an order granting Defendants' Motion for Summary Judgment and to Dismiss this action on the merits, it is hereby Ordered, Adjudged and Decreed" that (1) the patent in suit is invalid as to certain claims, and (2) this "action is hereby dismissed on the merits * * *."

It is with some hesitation that we have decided to dismiss the appeal. The points upon which this action is taken were not raised by the parties, and no argument has been heard upon these. The form of the judgment gives us great trouble. There is doubt as to whether the intention was to enter a summary judgment, a partial summary judgment or a judgment on the merits. As a re-

sult, there is some confusion as to whether Rule 54(b) or 56(d), Federal Rules of Civil Procedure, 28 U.S.C.A., applies.

In any event, the issues raised by the counterclaim were never presented or adjudicated. The motion for summary judgment, upon which this case was partially disposed of, asks for "a summary judgment in the Defendants' favor dismissing the complaint and for the relief demanded in Defendants' counterclaim." There was no order of the court disposing of these allegations of the counterclaim or the issues thereon, so far as the record before us discloses. On the other hand, if the purpose were to dispose of only part of the issues of fact by summary judgment, the order required by Rule 56(d) should have been entered. Upon this basis, the matter would necessitate remand. From the record, it seems this entire claim of defendant was disregarded from the start by the parties. If defendant should insist upon going to trial thereon after the portion of the record before this Court is finally adjudicated, it is difficult to see how a formal disposition thereof could be prevented. This would work an injustice.

The appeal here was taken from what is denominated a "summary" judgment. Actually, it appears the judgment was entered after submission on the merits of the claim of plaintiff. After the filing of the answer of defendant, there was served upon plaintiff "Defendant's Interrogatories to Plaintiff" and "Request for Admission of Facts." Both of these were filed September 4, 1954. Plaintiff did not file response to either of these formal demands within ten days as required by Rule 36, or fifteen days, as required by Rule 33, or at any time until October 9, 1954. Thereupon, on October 16, defendant filed a motion for summary judgment and, in the alternative, for an order striking out plaintiff's complaint because of the default of plaintiff. Affidavits were filed relating chiefly to an issue of fact as to whether there had been a prior public use of a device identical with the patent in 1946. Thereupon, plaintiff filed counter-affidavits on this point and likewise affidavits purporting to explain and excuse the default.

In the responses which were thus on file before the motion for summary judgment, plaintiff made many admissions, but also made qualified denials which raised questions of fact. The W. E. Andrews patent, entitled "Game Device," No. 2,160,349, issued May 30, 1939, was not pleaded as an anticipation by defendant. In the responses, plaintiff admitted that this patent had not been considered by the Patent Office during the prosecution of the patent in suit and that the Andrews patent was issued more than one year prior to the date Gillespie filed his application for the patent in suit. Similar admissions were made with regard to the C. J. Dorsey Patent No. 725,684, issued April 21, 1903, although it is not pleaded as anticipatory. In each instance, a copy of the prior patent was attached to the Request for Admission of Facts.

Plaintiff's brief here says:

"The parties stipulated that the copy of Letters Patent No. 2,595,669 to Gillespie * * * was true and correct * * *."

and

"The file wrappers of Letters Patent No. 2,595,669 and its parent application, Serial No. 796,523, were offered and received in evidence during the hearing on the motion."

The transcript of record on this appeal contains a copy of the Gillespie patent, the Dorsey patent and the Andrews patent. There are also three photographs of devices and a photograph of a check. These are all referred to as if they had been admitted in evidence at a trial.

This Court holds that, by acquiescence in this procedure, the parties waived jury trial and submitted all questions of fact relating to novelty, utility, invention and anticipation to the court for determination. It already has been shown that there were questions of fact upon which the parties were at issue. Now, while summary judgment cannot be granted where there are questions of fact

to be disposed of, even by consent of all concerned, there is no reason why parties cannot agree to try a case upon affidavits, admissions and agreed documents. In effect, that is what was done here. No objection whatever was made at the time of submission that there were questions of fact which could not be decided upon the evidence before the trial court. Such a postulate was never suggested to the trial judge. It was only upon appeal that this spectre is raised for the first time.

The facts found above are clearly decisive of all the issues raised by the complaint. The trial court found on the contested issues of novelty, invention and anticipation. The trial judge actually weighed the presumption of validity which inheres in the grant against the prior art and affirmatively found that the device of plaintiff was anticipated. No finding was made as to the issue of prior public use, which was the chief burden of the affidavits. On summary judgment, an issue of fact cannot be disregarded because the trial judge believed some other issue was decisive. Such a course would lead to multiple appeals of the case. But, since the parties submitted all issues as to validity on the record, there was no necessity for the trial judge to find on all these issues. Plaintiff includes in his statement of points on appeal a specification that "The evidence is insufficient to support the findings of fact or judgment," which must be based upon the assumption that the trial court considered the evidence.

The whole record convinces us that there was a trial by consent on the merits as to certain issues. But it is obvious that the counterclaim and the issues thereon, if any, were not adjudged by the trial court. Under such circumstances, Rule 54(b), Federal Rules of Civil Procedure, must be applied. Glens Falls Indemnity Co. v. American Seating Co., 9 Cir., 225 F.2d 838. The appeal is therefore dismissed as premature. There was no finding that a partial judgment could be entered without embarrassment as to the issue remaining unadjudicated. This action is taken with less hesitation, because of the conviction that, if the case had not been disposed of on the merits but partially adjudicated by a summary judgment, if the appeal were not dismissed, still a remand would be necessary under Rule 56(d), in order that judgment might be entered on the remaining issues.

Appeal dismissed.