William R. RUSSELL and Mrs. Anna L. Russell, his wife, Appellants,

v.

George W. HACKWORTH, Frank R. Braley et al., Appellees.

No. 15034.

United States Court of Appeals Ninth Circuit.

May 15, 1956.

## 504

Philip R. Lawrence, San Francisco, Cal., for appellants.

Lloyd H. Burke, U. S. Atty., Keith R. Ferguson, Special Asst. to the Atty. Gen., for appellees.

Before POPE, LEMMON and CHAMBERS, Circuit Judges.

LEMMON, Circuit Judge.

This case is an excellent example of the wisdom of the rule forbidding a final judgment "upon one or more but less than all of the claims" except upon "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment". Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

In the instant suit, the complaint consists of *eighteen* "causes of action" arising out of an assault and battery alleged to have been committed upon the appellant William Russell at the Cliff House, a restaurant and bar in the Territory of Guam, Marianas Islands. In only *three* of these causes of action is the appellee United States mentioned—twice jointly with all the other defendants, and only *once* singly and by special designation.

The Court below entered a judgment dismissing the case with respect to the appellee United States, on the authority of Moos v. United States, D.C.Minn.1954, 118 F.Supp. 275, and Panella v. United States, D.C.N.Y.1953, 117 F.Supp. 119, 123. Like the one at bar, both of those cases were brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

The appellee United States has filed a motion to dismiss the appeal on the ground that this Court has no jurisdiction to hear it, inasmuch as the "order" [Motion 2] appealed from is not a "final" order under Rule 54(b), supra. The judgment below contained neither the "express determination" nor the "ex-press direction" provided for in that Rule.

Without expressing ourselves upon the merits of the case, we hold that we do not have before us an appealable final judgment, because of the lack of the "express determination" and "express direction" mentioned above.

In Glens Falls Indemnity Co. v. American Seating Co., 9 Cir., 1955, 225 F.2d 838, 839, two claims arose out of the fact that American Seating on a construction job did not get paid for materials it furnished one Murphy, a subcontractor of E. F. Grandy, Inc., a California corporation, the main contractor on a Government contract. One claim definitely was asserted against Glens Falls and Grandy. A different claim on a different theory was urged against Farmers and Merchants Bank of Long Beach, a California institution. The District Court entered a judgment in favor of American Seating and against Glens Falls and Grandy for the amount of American Seating's demand, reserving the issues with the Farmers and Merchants Bank.

Under such a state of the proceedings, we said:

"Here is a judgment upon one of multiple claims. The record is devoid of any indication of compliance with Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Under such circumstances, the appeal herein is premature. An order will be entered dismissing the appeal." [1]

In the oral argument before this Court, some stress was laid upon our decision in Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 1955, 220 F.2d 105, 107. The following sentence from Steiner, however, at once makes it inapplicable here:

"This case involves only multiple *parties*—not multiple *claims*." [Emphasis supplied.]

1. See also Robinson Brothers & Co., Inc., v. Tygart Steel Products Co., Inc., 3 Cir., 1950, 184 F.2d 534; Republic of China v. American Express Co., 2 Cir., 1951, 190 F.2d 334, 338–339; District 65, etc., v. McKague, 3 Cir., 1954, 216 F.2d 153, 154–155; Rao v. Port of New York Authority, 2 Cir., 1955, 222 F.2d 362.

In the instant case, as we have seen, there are unquestionably multiple *claims*, in fifteen of which the United States is in no way involved. While we agree with Steiner, it simply does not bear upon the controversy at bar.

Accordingly, we hold that the appeal should be and it is hereby dismissed, for the reason that we do not have before us a final and appealable judgment, inasmuch as the Court below did not include in its "judgment" an "express determination" that there was no just reason for delay, or an "express direction for the entry of judgment."