**George GILBERTSON, Appellant,**

v.

**CITY OF FAIRBANKS, Appellee.**

**No. 15567.**

United States Court of Appeals Ninth Circuit.

Feb. 24, 1958.

---

Edgar Paul Boyko, San Francisco, Cal., for appellant.

William V. Boggess, Fairbanks, Alaska, George N. Sheild, San Francisco, Cal., for appellee.

Before MATHEWS, POPE and LEMMON, Circuit Judges.

## PER CURIAM.

On August 23, 1956, in the District Court for the Territory of Alaska, appellee brought a civil action against appellant. Appellant filed an answer [1] containing a counterclaim. The counterclaim was in two counts. Appellee moved to dismiss both counts, thus, in effect, moving to dismiss the counterclaim. The District Court granted the motion and entered an order which, in effect, dismissed the counterclaim.[2] This appeal is from the order.

Three claims were presented in this action—a claim of appellee against appellant, stated in the complaint, and two claims of appellant against appellee, stated in the counterclaim. The order adjudicated appellant's claims against appellee, but did not adjudicate appellee's claim against appellant. The determination mentioned in Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. was not made. Hence the order was not appealable.[3]

Appeal dismissed.

1. The answer was entitled "Answer and counterclaim."

2. In the order, the counterclaim was incorrectly referred to as "the action set forth in said first and second counts in [appellant's] counterclaim." Obviously, the thing set forth in the two counts was the counterclaim.

3. Walter W. Johnson Co. v. Reconstruction Finance Corp., 9 Cir., 223 F.2d 101. See also Kam Koon Wan v. E. E. Black Ltd., 9 Cir., 182 F.2d 146; Burkhart v. United States, 9 Cir., 210 F.2d 602; Russell v. Texas Co., 9 Cir., 211 F.2d 740; Wynn v. Reconstruction Finance Corp., 9 Cir., 212 F.2d 953; Steiner v. 20th Century-Fox Film Corp., 9 Cir., 220 F.2d 105; Glens Falls Indemnity Co. v. American Seating Co., 9 Cir., 225 F. 2d 838; Id., 9 Cir., 248 F.2d 846; Russell v. Hackworth, 9 Cir., 233 F.2d 503; Bergman v. Aluminum Lock Shingle Corp., 9 Cir., 237 F.2d 386; Massa v. Jiffy Products Co., 9 Cir., 238 F.2d 228.