256 F.2d 159
 Ida HUANG, Appellant,
v.
Calvin J. I. YOUNG, administrator of the estate of Lun Cho Young, deceased, and Sandra H. N. Young and Sylvia H. I. Young, by their guardian, ad litem, Clinton R. Ashford, Appellees.
 No. 15874.
 United States Court of Appeals Ninth Circuit.
 June 9, 1958.
 
 N. W. Y. Char, Honolulu, Hawaii, William J. Gintjee, Jack P. Wong, San Francisco, Cal., for appellant.
 Fong, Miho & Chuck, Earl S. Robinson, Stephenson & Ashford, Clinton R. Ashford, Honolulu, Hawaii, Jack W. Sing, San Francisco, Cal., for appellees.
 Before HEALY, POPE and CHAMBERS, Circuit Judges.
 CHAMBERS, Circuit Judge.
 
 
 1
 Appellant as plaintiff in the district court on the basis of diversity of citizenship brought suit against the parties as named above. Calvin J. I. Young was also joined in his individual capacity. Other defendants were the decedent's wife, Claire C. Young and an adult son, Marvin J. G. Young.
 
 
 2
 Claims in the complaint were commingled together without separate statement. At the root of the controversy was the sum of $12,000 alleged to have been loaned by the plaintiff to Lun Cho Young in his lifetime and not repaid. The complaint on its face showed the regular form of creditor's claim in probate was filed with the administrator after the legal time for presentation had elapsed. In due course, the claim was rejected by the administrator. Plaintiff alleged certain facts intended to excuse the lack of timely filing. She prayed for judgment against the administrator and against the son, Calvin (the same person as the administrator) and against Mrs. Claire C. Young (the widow) and the aforementioned Marvin J. G. Young "of their respective interests, as heirs of the estate of Lun Cho Young Deceased" (sic). Curiously, no judgment was expressly sought against "the interest" of the minors "as heirs." It had been alleged that Calvin, Claire and Marvin had made certain representations (for short, call them fraud) which had prevented the plaintiff from filing the claim in probate on time.
 
 
 3
 In the district court, Clinton R. Ashford, a member of the Honolulu bar, was appointed guardian ad litem for the minors, Sandra and Sylvia. Other counsel filed an answer for all defendants save the minors. Ashford as guardian ad litem did not answer but filed a motion for summary judgment against plaintiff "to dismiss the action insofar as plaintiff seeks judgment against the Estate of Lun Cho Young, deceased, * * * or the administrator of said estate * *." This vicarious assistance to the administrator was successful. A summary judgment was granted that plaintiff take nothing against Sylvia and Sandra (as to whom nothing had been asked) and nothing against the administrator of the estate or against the estate of decedent. Further, a fee of $350 was taxed as costs against the plaintiff for the services of the guardian ad litem. On the record, by its silence, Calvin individually, Claire, and Marvin were left in the case.
 
 
 4
 The printed record does not show what if anything happened thereafter in the case concerning the three individuals.
 
 
 5
 This appeal was brought attacking the summary judgment. First, it was said that plaintiff had pleaded adequate excuse under the law of Hawaii for the late filing of the claim in probate. Second, an attack was made on the allowance of the attorney fee.
 
 
 6
 On the eve of argument this court was presented with a stipulation to dismiss the appeal as to the administrator, reserving to this court the issue between Mrs. Huang and Ashford as to his fee. (No order will be made by this court on the stipulation.)
 
 
 7
 At oral argument counsel disclosed that after summary judgment was granted on November 22, 1957, as to part of the commingled claims and as to one of the parties, the case as to the remaining parties did not fade out, which is often the case, but it has been very much alive. There has been a trial, counsel say, and judgment entered in favor of the plaintiff against the individual adult defendants. If there is to be an appeal on this second judgment, it is not yet here.
 
 
 8
 Probably the failure to separately state the claims has caused the trouble. But this is a clear case for the application of Rule 54(b) of the Rules of Civil Procedure, 28 U.S.C.A. No order was made that there is "no just reason for delay" in entering a judgment on less than all of the claims. See Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105, Matanuska Valley Lines, Inc., v. Neal, 9 Cir., 229 F.2d 136, Glens Falls Indemnity Co. v. American Seating Co., 9 Cir., 225 F.2d 838, and Walter W. Johnson Co. v. Reconstruction Finance Corp., 9 Cir., 223 F.2d 101.
 
 
 9
 Perhaps, the district court will now want to vacate the judgments and consolidate them in a new one.
 
 
 10
 The record presently is not in such shape that this court can accept the invitation to review the item of services which the guardian ad litem furnished his wards and the administrator.
 
 
 11
 For failure to comply with Rule 54(b), the appeal is dismissed in its entirety.