CENTURY INVESTMENT CORPORA-
TION, Appellant,

v.

UNITED STATES of America, and Don
S. Griffith, Special Master, Appellees.

Virgil J. PAGUE, Appellant,

v.

Don S. GRIFFITH, Appellee.

UNITED STATES of America,
Appellant,

v.

Donald F. OWENS et al., Appellees.

Edward R. ESTER et al., Appellants,

v.

Don S. GRIFFITH, Special Master,
Appellee.

No. 16360.

United States Court of Appeals
Ninth Circuit.

March 14, 1960.

Lycette, Diamond & Sylvester, Lyle L. Iversen, Seattle, Wash., for appellants Century Investment Corp., and Virgil J. Pague.

Arthur G. Barnett, McMicken, Rupp & Schweppe, Seattle, Wash., for Edward R. Ester, Arthur G. Barnett and Donald F. Owens, appellants-appellees.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Harold S. Harrison, Attys., Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Joseph C. McKinnon, Asst. U. S. Atty., Seattle, Wash, for appellant-appellee, United States.

Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

These cross appeals were taken from a judgment entered after a remand ordered by this court following a previous appeal. See Century Investment Corporation v. United States, 9 Cir., 250 F.2d 139, certiorari denied sub nom. Ester v. United States, 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed. 2d 843. The basic facts and underlying legal issues are set forth in our prior opinion and will not be repeated here.

Upon the remand the trial court on July 11, 1958, granted the motions of the personal defendants for summary judgment dismissing the action as to them.[1]

At the same time the trial court denied a similar motion made by Century. Questions as to liability for the payment of the fee of the special master were expressly reserved as to all defendants. On August 22, 1958, the trial court denied the government's motion to reconsider the motions of the personal defendants for summary judgment.

On September 15, 1958, a hearing was had on the question of the master's fees and expenses. A trial was also had on that day limited to the question of the amount of damages to be awarded to the government against Century by reason of the latter's breach of contract as adjudicated on the prior appeal. As a result of this hearing and this trial, an order and a judgment were entered on September 29, 1958.

In the order, which was also confirmed in the judgment, the special master was awarded a fee of $2,500 and allowed expenses in the sum of eighty-three dollars. It was provided that the government would pay one fourth of these amounts. The defendants were jointly and severally made liable for the remaining three fourths of these sums aggregating $1,937.25. In the judgment entered on the same date the government was awarded damages against Century in the sum of $15,000.

Appeal by the United States.

On its appeal the government first specifies as error the entry of a summary judgment of dismissal as to the personal defendants. In a second specification the government challenges the awarding of only "token" damages "and those as against the one defendant [Century] which is apparently judgment proof by reason of its insolvency."

In so far as the government in its second specification of error complains of the judgment awarded against Century, the matter will be reserved for discussion in considering Century's appeal.

1. The personal defendants are Virgil J. Pague, Arthur G. Barnett, Donald F. Owens, Edward R. Ester, and the respective wives of the last three. The action had previously been dismissed as to the wife of Virgil J. Pague.

In so far as the government in its second specification complains of the failure to award any judgment against the personal defendants, little needs to be said. The failure to enter any damage award against them is not error if they were properly dismissed—a question to be considered under the first specification of error. On the other hand, if they were not properly dismissed there must be another trial before an award of damages can be made against them. Having been dismissed prior to the trial of September 15, 1958, they have not yet been heard on the question of damages.

■ Concerning the first specification of error relating to entry of a summary judgment, all of the personal defendants move to dismiss this portion of the appeal as untimely. They do not deny that the notice of appeal filed November 28, 1958, is timely with regard to the judgment of September 29, 1958. They argue, however, that summary judgment was granted by order entered July 11, 1958, and confirmed on August 22, 1958, and that the notice of appeal is not timely as to those orders or judgments.

A similar motion of the personal defendants to dismiss this part of the government's appeal was denied by this court on March 30, 1959.[2]

We adhere to that determination. This case involves multiple claims—separate claims by the government against Century and each of the personal defendants. The orders of July 11 and August 22, 1958, did not adjudicate all of these claims since they did not deal with the claim against Century.[3] It is provided in Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., that when multiple claims are presented in an action the court may direct entry of final judgment upon less than all of the claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The trial court did expressly direct the entry of judgment for the personal defendants when it denied the government's motion to reconsider the motion for summary judgment. It did not, however, make an express determination "that there is no just reason for delay," although invited to do so by the government.[4] Without such a determination the order granting summary judgment and the order denying the motion to reconsider the motion for summary judgment cannot be regarded as final and appealable. Gilbertson v. City of Fairbanks, 9 Cir., 253 F.2d 231, 17 Alaska 458, and cases there cited.

The motion to dismiss the government's appeal from the summary judgment for the personal defendants is denied.

■ This brings us to the merits of the appeal from that summary judgment. The government initially sought specific performance of a contract to remove buildings from land in which the government claimed a right of occupancy. It also sought monetary damages on several alternative theories, including trespass and implied contract to pay reasonable rental. Following the first trial a judgment was entered denying specific performance but awarding monetary damages.

2. A motion to reconsider the motion to dismiss the appeal from the order granting a summary judgment was denied by this court on April 15, 1959.

3. There is also some doubt whether those orders completely adjudicated the claims against the personal defendants. The order granting the motions for summary judgment contains this recital: " * * * subject to a reservation as against each of said defendants of all questions as to liability for the payment of the Special Master * * * "

4. The wisdom of the trial court's decision to withhold such a determination, thereby precluding an immediate appeal by the personal defendants, is shown by subsequent events. Had such a determination been made, this court would have had to consider two appeals, one by the personal defendants instituted at that time and another appeal by Century after entry of the judgment of September 29, 1958.

On the first appeal we held that the monetary award could not be sustained on the theory which we understood the trial court had adopted. We pointed out, however, that the government's complaint was broad enough to sanction damages on the alternate theories of trespass or implied contract. We were uncertain whether the trial court had intended to reject those theories in granting judgment for the government on a different theory.[5] We accordingly remanded the cause with these directions:

"Upon remand, the trial court may determine the question of liability on the theory of trespass or implied contract to pay reasonable rental, either by construing the findings in the record or by proceeding to another trial, as may be thought proper. If recovery is warranted on either of these theories, it should not include any rental value of the buildings, but may otherwise include any actual expense incurred or monetary damages sustained by the government."

Following the remand the trial court, exercising the choice given to it by the quoted directions, determined the question of liability of the personal defendants by construing its previous findings. The trial court held in effect that its previous ruling on the question of the government's right to exclusive occupancy was intended to be dispositive of the trespass and implied contract theories.

This court, of course, accepts the trial court's construction of the purport of that court's own previous holding. But in indicating that the trial court could make a determination on the basis of its prior holding we did not preclude the government from contending on a second appeal that the original holding as now construed was erroneous.. In so far as the directions on remand are concerned, the government was afforded the same right to appeal from a determination based on the trial court's previous findings as it would have had from a determination made after a new trial.

The personal defendants argue, however, that since the government failed to challenge this original holding on the prior appeal such holding has become the law of the case and may not now be questioned.

There are two reasons why this argument must be rejected. First, since this court itself was in doubt on the prior appeal as to whether such a holding had been made by the trial court, the government could hardly be blamed for not then challenging it. Second, the government was awarded damages against the personal defendants in the first judgment and was the appellee on that appeal. Since it was not aggrieved by the judgment entered, it was not obliged to question the trial court's adverse ruling on the government's alternative theories.

 This is the first time the government has had an opportunity to be heard

5. There had been no express rejection of those theories. The trial court, however, had found and concluded that the government failed to prove its exclusive right of possession of the land "at all times material to the action." Reference to "action" would seem to include all theories advanced by the government therein, and lack of exclusive right of possession would preclude recovery on trespass or implied contract to pay reasonable rentals. Yet this finding and conclusion was made in connection with the court's reconsideration of its previous ruling that specific performance would be granted. After making this finding and conclusion the trial court stated: " * * * and accordingly the Court now finds that the plaintiff is not entitled to the requested order that the defendants be specifically compelled to remove said buildings * * " It was pointed out in our prior opinion that only the government's immediate right to exclusive possession at the time the matter was before the court was important in so far as specific performance was concerned. We then observed:

"It may be that the government was not prompt in completing its payments for previous months or years. But, if such payments were ultimately made, the government's exclusive right of possession during such period, at least as against these appellants, would seem to be established." [250 F.2d 144.]

in this court on the merits of the holding under discussion. That holding consists partly of a finding of fact and partly of a conclusion of law. The finding of fact is that the government has not proved that the annual real estate taxes which the government was required to pay under the condemnation decree had been paid. The conclusion of law is that since the government did not make such proof, it did not establish a right to exclusive occupancy of the land and so may not maintain an action to recover damages for trespass upon such land or, on the theory of an implied contract, to recover the rental value of the land.

The government challenges both the finding of fact and the conclusion of law. None of the personal defendants has joined issue on either of these questions. They contend only that either because of the form of our remand or because of the principle of "law of the case" these questions may not now be raised. We have stated above why this contention must be rejected.

Passing the question of whether the finding of fact as to failure to prove payment of real estate taxes is clearly erroneous, we proceed to an examination of the conclusion of law which was drawn therefrom, as described above.

■ The government obtained the right of occupancy of this land when it filed a declaration of taking in the condemnation proceeding and deposited the estimated compensation. See United States v. Dow, 357 U.S. 17, 21–22, 78 S.Ct. 1039, 2 L.Ed.2d 1109. Under the decree the government was given the option to renew its exclusive use from year to year during all of the period here in question by filing timely notice of its intention to renew such use. This it did.

The decree also provided that compensation for the occupancy would consist of annual rental payments and the payment of any increase in general taxes which might result from the placing of improvements on the property. It is not denied that the government made all rental payments required by the decree. Under the trial court's finding of fact, however, the government did not prove that it had paid the increase in general taxes resulting from the placement of improvements on the land.

■ In our view the failure to pay such taxes did not operate to divest the United States of its right to the exclusive use of the land. This right became vested in the United States when it filed a declaration of taking and deposited estimated compensation.[6] It was annually renewed by the filing of a proper notice. The landowner's remedy for any delinquency in rentals or taxes to be paid under the decree was an action under the Tucker Act, 28 U.S.C.A. §§ 1346(a) (2) and 1491.

Such a landowner may not take matters into his own hands by re-entering and taking possession of the land whenever such a delinquency occurs. We need not decide whether this kind of self-help would be countenanced between private parties. It is not, in any event, to be sanctioned where the occupant is the federal government in possession under its sovereign power of eminent domain. If a landowner is not entitled to pursue such a course, he is liable for trespass or an implied contract to pay reasonable rent if he nevertheless does so.

In our prior opinion we made an observation in directing the remand in which it was implied that recovery by the government on the theory of trespass or implied contract depended upon a showing that payments for rental and taxes were ultimately made.[7] We do not regard this observation as sufficiently

6. The requirement of just compensation is satisfied when, as here, the public faith and credit are pledged to a reasonably prompt ascertainment and payment, and there is adequate provision for enforcing the pledge. See Joslin Mfg. Co. v. City of Providence, 262 U.S. 668, 677, 43 S.Ct. 684, 67 L.Ed. 1167; Bragg v. Weaver, 251 U.S. 57, 62, 40 S.Ct. 62, 64 L.Ed. 135.

7. See the portion of our prior opinion quoted at the end of footnote 5.

definitive to constitute "the law of the case." We nevertheless recognize that the trial court may have relied upon this language in adhering, on remand, to its original conclusion of law. If so, the responsibility is ours.

In view of the opinion expressed above, it is unnecessary to consider whether the trial court should have granted the government's urgent request made on the remand for an opportunity to produce new evidence showing that all real estate taxes had either been paid, or had not been levied, or were not due. It is likewise unnecessary to consider whether the trial court erred in disregarding the government's action in depositing $5,000 in the registry of the court shortly before the hearing on remand.

We hold that the conclusion of law made by the trial court at the first trial, to the effect that the government is precluded from maintaining an action for trespass or implied contract because of its failure to prove that required tax payments had been made, was erroneous. The summary judgment entered upon the remand, based upon this determination at the first trial, must therefore be set aside. This means that the government is entitled to a new trial against the personal defendants on the theories of trespass and implied contract.

As indicated in our prior opinion, if recovery is warranted on either of these theories it should not include any rental value of the buildings but may otherwise include any actual expense incurred or monetary damages sustained by the government. If recovery is granted on the theory of implied contract it may also, of course, include the reasonable rental value of the land without improvements.

### Appeal by Century.

█ As stated earlier in this opinion, judgment in the sum of $15,000 was entered in favor of the government against Century. In addition, Century and the personal defendants were made jointly and severally liable for three fourths of the fees and expenses allowed the special master.

On its cross appeal Century questions both the damage award and the allowance of fees and expenses to the special master. The latter allowance is also questioned on the cross appeals of the personal defendants and will be dealt with in discussing those cross appeals.

Concerning the $15,000 damage award against Century, it should first be noted that our prior opinion provided directions as to the proper measure of damages to be applied. It was stated that the measure of such damages to be applied against Century would appear to be the same as indicated in that opinion with respect to Barnett, Owens, and Ester. With regard to the latter it was stated:

"If recovery is warranted on either of these theories, it should not include any rental value of the buildings, but may otherwise include any actual expense incurred or monetary damages sustained by the government."

Century correctly points out that no evidence as to damages received at either trial supports the $15,000 award against Century, or any award, either on the ground of actual expenses incurred or monetary damages sustained by the government. The only evidence as to damages received at the first trial had to do with the net rentals received by appellants during the time the government had the right of possession of the land. The only evidence as to damages received at the second trial was to the effect that the buildings in question had a market value of $132,636.58 in 1953,[8] and that the individual living units in these buildings had a government rental value of forty-two dollars a month unfurnished, or forty-six dollars furnished. The trial

---

8. The witness who gave this testimony did not take into consideration the fact that the buildings could only be sold for removal, since the government's right of occupancy of the land expired on June 30, 1956.

court did not indicate the basis on which a $15,000 award was made.

We do not believe that the measure of damages as stated in our former opinion should be construed as rigidly as appellants propose. It seems to us that the government's monetary damage under the peculiar circumstances of this case might well include the cost to the government of the service (removal of buildings) which by reason of the breach it did not receive. That cost was the difference between what the government actually received for the sale of the buildings for removal by 1954 and what it could have sold them for if they could have remained undisturbed on the land until June 30, 1956, when the government's occupancy expired. But no evidence was offered or received which would permit an award on this basis.

The government has now had two opportunities to prove damages against Century, but has failed to produce evidence which would warrant an award on any acceptable basis. In our view Century ought not to be subjected to another hearing on this issue. In a sense this result seems regrettable, in view of Century's established breach of contract. But this feeling is tempered by the fact, for which the government itself vouches, that Century is insolvent and cannot respond to a substantial judgment.

The reasons which have led us to set aside the $15,000 damage award against Century necessarily require rejection of the government's contention that the award was inadequate.

Appeal by Personal Defendants.

■ The personal defendants appeal from that part of the judgment under which, together with Century, they were charged jointly and severally with three fourths of a $2,500 fee for the special master and of his expenses in the sum of eighty-three dollars. Century has appealed from the same award, and this discussion will apply with like effect to its appeal on this point.

The special master was appointed by the trial court during the first trial upon the urging of the government. The purpose of the appointment was to have an accounting made of the profits realized by the personal defendants from the rental of the buildings in question. All of the defendants objected to the appointment of a master. On the prior appeal they argued that the trial court erred in ordering the accounting.

We held on that appeal that an award based upon net rentals from the operation of the buildings by the personal defendants was erroneous. In effect this was a ruling that no accounting on the basis of which the net rental award was made should have been ordered.

■ The government argues, however, that it is right that the defendants share the expense of the special master because they are responsible for the situation which brought about the litigation. The government also argues that the special master's fee is to be considered court costs, from which the United States is excused under 28 U.S.C.A. § 2412(a).

In our view the fact (not yet established with regard to the personal defendants) that the defendants engaged in conduct which made it necessary for the government to sue does not warrant charging them with the fees and expenses in question. The report which the special master made is unusable, not because of any such conduct, but because the government misconceived the proper measure of damages. Nor do we, under the circumstances of this case, regard the fees and expenses of the special master as "fees and costs" within the meaning of 28 U.S.C.A. § 2412(a).

The judgment is reversed as to Century. It is reversed and remanded as to the personal defendants with directions to grant the government a new trial as to them on the theories of trespass and implied contract. None of the defendants shall be required to bear any part of the costs and expenses of the special master.