William R. RUSSELL, Appellant,

v.

William CUNNINGHAM, Appellee.

William R. RUSSELL and Anna L. Russell, Appellants,

v.

UNITED STATES of America et al., Appellees.

Nos. 15450, 15680.

United States Court of Appeals Ninth Circuit.

June 6, 1960.

Philip R. Lawrence, San Francisco, Cal., for appellant.

George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Leavenworth Colby, Attys., Dept. of Justice, Washington, D. C., Keith Ferguson, Special Asst. to the Atty. Gen., Lynn J. Gillard, U. S. Atty., Graydon S. Staring, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, HEALY and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

William R. Russell is the sole appellant from an order of the District Court of Guam refusing to set aside a judgment of dismissal entered by that Court for

lack of prosecution, and, with his wife, is an appellant from a judgment of the District Court for the Northern District of California dismissing a complaint filed in that Court. By order of this Court, both appeals were heard together. We shall first consider the Guam appeal, which was taken from an order denying appellant's motion under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. to set aside a judgment of dismissal.

It appears that appellant was a member of the crew of the U.S.N.S. Morton which had docked at Guam. On April 11, 1954, appellant in company with another crew member went to the Cliff House, a restaurant club on Guam which apparently was an instrumentality of the United States, for the purpose of having dinner. While there he became involved in an altercation with Cunningham, who at that time was a civil service employee of the United States through the Military Sea Transportation Service, Department of the Navy, and who at some prior time had been an officer on the U.S.N.S. Morton. Appellant and Cunningham have different versions as to what occurred, but in any event it is conceded that as a result of the trouble between appellant and Cunningham, appellant received injuries which resulted in the permanent loss of sight of his right eye. He was confined in a hospital in Guam and while there employed an attorney in Guam to file an action for damages against Cunningham.

On April 24, 1954, Russell was flown by the Navy from Guam to San Francisco and placed in the United States Public Health Hospital there.

On April 26, 1954, two days after Russell's departure from Guam, his Guam attorney on his behalf filed an action for damages against William Cunningham in the District Court of Guam alleging that in a restaurant club on the military reservation of Guam, Cunningham, without reason or cause, had assaulted appellant by striking appellant with his clenched hand, as a direct result of which appellant suffered the loss of his right eye.

Some depositions of crew members were taken in Guam and a pre-trial conference was held by the District Judge on June 3, 1954, at which time the defendant contended he had not struck Russell but that Russell had suffered his eye injury when he fell and struck a stool or chair.

While in San Francisco, Russell obtained San Francisco counsel who corresponded with Guam counsel. Thereafter, over a period of months, through correspondence, San Francisco counsel sought unsuccessfully to take depositions of witnesses who had been in Guam at the time of the eye injury but who had since returned to San Francisco either as crew members of ships docking in San Francisco or as permanent residents. At some time prior to April, 1955, Cunningham also left Guam and returned to California.

During this period, Guam counsel, Mr. Duffy, on July 22, 1954, wrote a letter to San Francisco counsel, Mr. Lawrence, that the case was indefinitely postponed pending Russell's arrival in Guam.

On April 11, 1955, Mr. Lawrence in San Francisco received a letter from Mr. Duffy stating that the trial had been set for May 3, 1955. A motion for a continuance was promptly prepared in San Francisco and filed in Guam, alleging in brief that Russell had no funds or means to go to Guam for the trial or to make the necessary preparations therefor. On April 19, the District Court in Guam made an order continuing the trial to August 15, 1955, and added, "The plaintiff will be expected to be present at that time to testify in person or to testify by deposition, since this order assumes at the present time that further continuance will not be granted."

It further appears that on June 3, 1955, Russell shipped aboard the S.S. Ainsworth bound for Honolulu, Kwajalein and Guam. He took all his papers with him, hoping to consult Mr. Duffy in Guam. On June 21, 1955, the day he

arrived in Guam, he talked to the District Judge at the airport, as the Judge was preparing to leave for San Francisco. He contends that he told the Judge that he had learned that Cunningham was in California, of his (Russell's) difficulties financially and otherwise in coming to Guam, and that he had been forced to file additional actions against Cunningham and others in California. The District Judge indicated he knew of this and, according to Russell, told Russell that if Cunningham were served in California that he would dismiss the Guam case "without prejudice." During the portion of the two days Russell was in Guam, he talked to Mr. Duffy, examined reports on file in an endeavor to locate names of additional witnesses, and tried to gather information as to the whereabouts of Cunningham in California so that he could there be served. Russell sent a radiogram to Lawrence from Guam [1] and on the way home while in Honolulu telephoned Lawrence in San Francisco giving him further information about Cunningham's whereabouts. Russell returned to San Francisco on July 7 and two weeks later Cunningham was served with process in the San Francisco actions on July 19, 1955.

·On July 29, 1955, Russell wrote a letter to the District Judge, which is set out below.[2]

1.                          Jun 22 NFT
Long PDBCU San Francisco Calif
Philip R Lawrence
2100 Mills Tower 220 Bush St Sfran
Defendant On Leave With Family Stop
Probably Guests Of Bank San Jose Stop
Saw Shriver Before He Flew San Francisco For Judges Gathering Where You Can Contact Stop He Suggested If Doubtful I Could Make August Fifteenth We Serve Defendant Stateside Stop Duffy Urges This And Days [Sic. Says] Original Action Can Be Dismissed Without Prejudice Stop  *  *  *  Please Demand Duffy Subpoena Them For Impeachment Stop Bob Burns Who Saw First And Helped Prevent Later Altercation Is Temporarily At 422 2nd Avenue Takdale [Sic. Oakdale] California Stop Please Ascertain Value Of Deposition Stop Sending Money From Honolulu Stop Docking San Francisco July 7th
                          Russell
                 USNS Fred C Ainsworth

2.              "William R. Russell
        "c/o USNS Fred C. Ainsworth
              "Fleet Post Office
           "San Francisco, California
                          "July 29, 1955
"Hon. Paul D. Shriver, Judge,
   "District Court of Guam
      "Territory of Guam
         "Marianas Islands.
            "re:  Civil No. 25–54.
"Dear Sir:
  "You may recall that I informed you, during our brief conversion just before you took off for San Francisco last June 21, of my serious doubts that I would be able to return to Guam· properly prepared for trial by August 15. I have tried hard, but failed to earn and/or borrow more than a fraction of the money necessary for depositions, my transportation, and my family's expenses while I would be away. In fact, I cannot even finance the taking of my own deposition at this time.

  "My San Francisco attorney, Philip R. Lawrence, told me that he had recently written to the Guam attorney, Robert E. Duffy, suggesting that the latter ask you to postpone the hearing of my case. Mr. Lawrence will be away on his vacation until the day you set for the trial—and, as far as I know, there has been no reply from Mr. Duffy. Under the circumstances, I have been unable to think of any alternative to this direct, respectful and urgent request that you continue my suit indefinitely.

  "As I understand the situation, it may be possible to try the case against Cunningham and others here in San Francisco—and the attorneys would then ask for 'dismissal without prejudice' of the action in Guam. But until the situation is clarified and certain, I plead that I not be denied what may be my only chance at the 'one bite' you mentioned at the airport.

  "If my method is wrong, please consider my handicaps—and my most sincere wish that truth and justice be established. Since I shall be at sea for at least a month, will you please have your Clerk address your reply to me at the above address?
                "Yours very truly,
                "William R. Russell
  "bc:    R.E.Duffy, Esq.
        "P.O.Box 506.
        "Agana, Guam
        "Marianas Islands."

Under date of August 3, 1955, the District Judge wrote a letter to Russell that local counsel had made no motion for a continuance, and advised him he could assume that the action would proceed on August 15, 1955.

It further appears that at that time Mr. Lawrence, believing that the action would not be tried on August 15 in Guam, had left San Francisco on his vacation. Russell contacted another lawyer in his office and communications were sent to Mr. Duffy in Guam, urging him to move for a continuance of the case or a dismissal without prejudice. This motion was filed in Guam on August 10, 1955, was heard by the District Judge on August 12, was denied at that time, and on August 15 when the motion was renewed by Guam counsel it was again denied and the Judge dismissed the action with prejudice for lack of prosecution. An appeal was taken by Russell by his San Francisco counsel from this judgment of dismissal upon the ground, among others, that there had been a gross abuse of discretion by the District Court.

In the presentation of that appeal to this Court, many facts were set forth in the briefs which were not in the record before the District Court. The opinion of this Court, which is found at 233 F.2d 806, 809, stated:

"Both parties in their briefs seek to bring before this Court facts outside the record made below, but such an attempt to enlarge the record must be rejected. This Court cannot conclude that the District Court abused its discretion when the explanation for long delay and inaction was not before it."

This Court further stated "there is no evidence *in the record* to support the District Court's finding that appellant 'has been in a financial position to have additional depositions taken' or that 'plaintiff has no bona fide intention to do more than harass the defendant.'"

This Court, in discussing appellant's contention that the action should not have been dismissed, stated:

"However, most of the facts indicating that the action should not be so dismissed were not presented to the District Court. Undoubtedly judges must be careful not to penalize litigants who cannot swiftly proceed because of the very injury and its impairment of their finances which constitutes the basis of their claim. Here another dimension is added to the problem since the District Court is in Guam and a poor litigant is in San Francisco."

The Court further said:

"* * * it cannot be said that the District Court abused its discretion without resorting to contentions of fact not found in the record.

"However, appellant is not entirely without the possibility of a remedy. Much of the material he sought to present to the Court outside of the record could be presented to the District Court of Guam to support a motion under F.R.C.P. 60 (b) which provides in part:

" 'On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *.'

"If all of the material in appellant's brief were before the trial court, it might come to a different conclusion."

In accordance with the suggestion of this Court, appellant then filed a motion under Rule 60(b), F.R.Civ.P. in the District Court of Guam asking that the order of dismissal of August 15, 1955, be set aside and that the action be dismissed without prejudice upon the ground that the Court's order "was entered by reason of mistake, inadvertence, surprise and excusable neglect." This motion was supported by the affidavit of the appel-

lant, together with the affidavit of his San Francisco counsel, and various exhibits were attached to these affidavits. The entire motion, together with the affidavits and exhibits attached thereto, consume about 80 pages of the typewritten record on this appeal.

This motion was heard before the Guam District Court, local Guam counsel appearing for appellant.[3] The motion was denied and this appeal is from the denial of the motion.

Appellee contends (1) that the denial of a motion under Rule 60(b) is not appealable, and (2) that even if an appeal will lie, there was no abuse of discretion in refusing to set aside the dismissal.

█ An order denying a 60(b) motion terminates proceedings in the District Court and therefore is a final and appealable order. Cromelin v. Markwalter, 5 Cir., 1950, 181 F.2d 948; Greenspahn v. Joseph E. Seagram & Sons, 2 Cir., 1950, 186 F.2d 616; In re Marachowsky Stores Co., 7 Cir., 1951, 188 F.2d 686; Darlington v. Studebaker-Packard Corp., 7 Cir., 1959, 261 F.2d 903; 7 Moore's Federal Practice (2 ed. 1955) § 60.30 (3); 3 Barron and Holtzoff, Fed.Prac. & Procedure § 1332. These cases expressly state an order denying a motion under Rule 60(b) is appealable. In addition, there are many cases where appeals from denial of relief under 60(b) have been considered and passed upon without discussing the appealability of the order. The Supreme Court has done so. Ackermann v. United States, 1950, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207; see Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266. So have other Courts. See, e. g., cases cited in Darlington v. Studebaker-Packard Corp., 7 Cir., 1959, 261 F.2d 903. So has this Court. Stafford v. Russell, 9 Cir., 1955, 220 F.2d 853; Atchison, Topeka & Santa Fe Ry. Co. v. Barrett, 9 Cir., 1957, 246 F.2d 846.

There is a line of cases, of which Hicks v. Bekins Moving & Storage Co.,[4] 9 Cir., 1940, 115 F.2d 406, 409 is representative, stating "The general rule is that no appeal will lie from an order denying a motion to vacate or modify a judgment, decree or order." However, "the rule has always been subject to not too clearly defined exceptions, sometimes characterized as an abuse of discretion." Greenspahn v. Joseph E. Seagram & Sons, 2 Cir., 1950, 186 F.2d 616, 619. This "exception" is firmly established and an order denying a motion made under Rule 60(b) is reviewable and will be set aside if an abuse of discretion is found. In Atchison, Topeka & Santa Fe Ry. Co. v. Barrett, 9 Cir., 1957, 246 F.2d 846, 849, we said:

"Such a motion for relief is directed to the sound discretion of the trial court * * *. The Court of Appeals should not and will not substitute its judgment for that of the trial court, nor reverse the lower court's determination save for an abuse of discretion."

We shall therefore consider the merits of the appeal.

We shall not attempt to set forth in detail all of the matters contained in the 80 pages of appellant's motion, affidavits and exhibits. However, in addition to the claims of appellant as already set out herein, we shall summarize briefly the further contentions of appellant as set out in the motion. No counter affidavits were filed on this motion by appellee.

It appears that appellant was confined in hospitals in Guam and in San Francisco until May 19, 1954, and thereafter was an out-patient of the San Francisco hospital until September 15, 1954. He was not employed for a period of approximately seven months; during the year following the accident was employed only some 73 days. He set forth that he was

---

3. Local counsel presenting this motion was different counsel than originally filed the action in Guam for appellant, it appearing from the affidavits that appellant had not heard from the original counsel for something over a year.

4. Decided prior to the enactment of Rule 60(b) in its present form.

married and the father of five children, that his family was being supported by the Public Welfare Department of San Francisco because his resources had been exhausted by reason of his injury and illness and by reason of his defense of the disciplinary action which he alleges Cunningham wrongfully instigated against him following his injury.

By reason of his location in San Francisco and his inability to contact his Guam attorney, he was referred to an attorney in San Francisco who was to assist in taking depositions of witnesses who had been aboard the ship and who came in and out of the port of San Francisco. Cunningham, his alleged assailant, was also reported to be in California, having moved from Guam. The affidavit showed that his San Francisco counsel had by cable, letter and telephone communicated with the Guam counsel, urging that prior to the expiration of one year from the accident that other actions be filed in Guam against the other persons alleged to be involved. However, the San Francisco counsel received no reply from the Guam counsel and in April, 1955, the San Francisco counsel filed in the United States District Court in San Francisco two actions against Cunningham, the United States and several other defendants, some named and some fictitious, and also filed an action in the Superior Court of the State of California, generally against the same defendants and generally upon the same grounds. These actions will be considered below.

The supporting affidavits on the motion stress the difficulty of appellant by reason of having no funds to proceed to Guam and the fact that Guam counsel for Cunningham had refused to cooperate in the taking of depositions in San Francisco, and that long delays had resulted therefrom. He pointed out the difficulties that had been encountered in locating Cunningham in the United States for the purpose of service. He further pointed out that he did not feel that his case could properly be tried by deposition because of the difficulty of distinguishing between the activities of another person who was with him in Guam at the time of the occurrence and his own activities. He pointed out the difficulty of the determination of the credibility of the various parties, if such parties were not before the Court in person. He pointed out, further, the fact that the Court in Guam, in acting upon the motion of August 12, 1955, for a continuance or dismissal without prejudice, had been influenced by his belief (1) that Russell's San Francisco counsel had misrepresented that Russell was in a hospital with an eye infection when in fact he was not; (2) that Russell had been in a financial condition to take additional depositions; and (3) that the depositions on file in Guam supported Cunningham's position.

It was explained in the motion and affidavits that San Francisco counsel had not misrepresented Russell's being in a hospital and that the Court was in error in so believing. It was established without doubt that the Court was in error in its belief and statement that Russell had the financial means to take additional depositions; and it was established without doubt that the Court's reliance upon depositions in Guam to determine the merits of the controversy was misplaced.

An examination of these depositions discloses that four of the witnesses indicated that they did not see the altercation between Russell and Cunningham, and the fifth one, who was an eye witness, himself participated on Cunningham's side and testified that Cunningham did not hit Russell, although the record shows that shortly after the occurrence Cunningham made a written statement in which he admitted that he punched Russell, but contended that he only punched him once and that that was done in self-defense.

Without attempting to detail all of the difficulties encountered by appellant and his San Francisco counsel as set out in the motion, and without attempting to pass upon whether the actions of appellant in San Francisco were wise and prudent under the circumstances, it can fairly be said that there was set forth a story

of long and repeated efforts to establish a basis for the appellant to finally get his case tried before some forum where he might have his contentions heard and passed upon.

We realize that a Court has wide discretion in passing upon a motion under section 60(b) and that its action should not be set aside lightly without a clear showing of abuse of discretion. We realize, also, that the policy of the law is to favor a hearing of a litigant's claim on the merits.

There are extremely unusual conditions in the instant case. The plaintiff's physical presence in California while the action was pending in Guam, five thousand miles away, the removal also of the principal defendant from Guam to California, the filing of the California actions, the apparent belief of Russell that the Guam action could be dismissed without prejudice and that the California actions could proceed, Russell's poverty, his difficulty in locating witnesses, who were scattered from Guam to California, the lack of contact with Guam counsel, the apparent belief of the District Judge in the lack of merit of Russell's suit based upon an apparently erroneous belief that Cunningham had not struck Russell, the District Judge's apparently erroneous belief that Russell or his counsel had misrepresented his confinement in the hospital just prior to the August 15, 1955, order of dismissal, taken with all of the other contentions as set forth in appellant's motion, are matters which portray a situation which we feel entitles Russell to have his case heard on the merits.

Under the circumstances, we hold that it was an abuse of discretion of the District Judge to deny the 60(b) motion.

We shall now consider the appeal from the order of the District Court of the Northern District of California.

As indicated, supra, Russell and his wife on April 7, 1955, filed, in the United States District Court for the Northern District of California, an action for damages against the United States, Cunningham, several named defendants, including First Club doing business as Cliff House, and a number of fictitious individuals, fictitious corporations, and fictitious partnerships or unincorporated associations. This complaint was numbered 34549 and was in 18 counts. Generally, the contentions made were that Russell had been damaged by the occurrence at the Cliff House in April, 1954, and by resulting statements of various persons and the resulting disciplinary action following it, and that the named and fictitious defendants were responsible therefor. The complaint alleged jurisdiction was founded upon diversity of citizenship aind upon claimed rights against the United States and its agents under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

Upon the same day, Russell and his wife filed a similar action for damages in 17 counts against various persons who had been included as defendants in action number 34549, omitting, however, the United States of America as a defendant. This action was filed in the Superior Court of the State of California in and for the County of San Francisco. In August, 1955, this cause was removed to the United States District Court and numbered 34815 on the allegations of defendants that they were officers of the United States at the times alleged and were acting under the color of their offices as officers of the United States.

On April 11, 1955, Russell and his wife filed another action in the United States District Court for the Northern District of California, seeking damages in a 10-count complaint against the United States, Cunningham, some of the defendants named in number 34549, and various fictitious defendants. This action was numbered 34558. All ten of the counts in the complaint were the same as ten of the eighteen counts included in action number 34549. This action was also alleged to be based upon diversity of citizenship and upon claimed rights against the United States and its agents under the Federal Tort Claims Act. The

reasons now claimed in the briefs for the filing of this second action in the Federal Court are obscure.

On September 30, 1955, the District Court on motion stayed proceedings in actions numbers 34558 and 34815; and in action number 34549 the Court dismissed the United States as a defendant but denied the motion to dismiss as to the individual defendants. An appeal was taken from this order as to number 34549, but was dismissed by this Court as not being taken from "a final and appealable judgment." Russell v. Hackworth, 9 Cir., 233 F.2d 503, 505.

On April 25, 1957, counsel for the various parties in actions numbers 34549, 34558 and 34815 appeared before the District Court for the Northern District of California for a pre-trial conference. The status and contents of the three actions pending in that Court, as well as the action in the United States District Court in Guam (which was then pending on appeal) were discussed and the contentions of the parties stated.

As a result of this conference, the District Judge on April 26, 1957, dismissed action number 34558 and further ordered "that the complaints in cause No. 34549 and cause No. 34815 be and they are hereby dismissed insofar as they state any claims against defendant Cunningham arising out of an alleged assault or battery." [5]

It is from this order that an appeal was timely taken by appellants.[6]

■ We see no error in the action of the District Court in dismissing number 34558. Admittedly, all of the causes of action which were set up in action number 34558 had been included in action number 34549.

Appellants' claims in number 34558 were thus merely duplications of a cause of action already on file in the District Court of Northern California. The pre-trial conference transcript shows that appellants' counsel admitted the duplication of the charges and agreed that the dismissal of number 34558 was proper.

The order dismissing action number 34558 is affirmed.

■ The appeal from the order dismissing Cunningham from actions numbers 34549 and 34815 is dismissed as not being taken from a "final and appealable judgment." Russell v. Hackworth, supra.

The result of the various actions by the Court is that actions numbers 34549 and 34815 are still pending against all defendants named therein except the United States of America (named only in number 34549) and except insofar as they state any claims against defendant Cunningham arising out of an alleged assault or battery.

The judgment of the District Court of Guam denying relief under Rule 60(b) and refusing to set aside its order dismissing the Guam action is reversed leaving the action pending there against Cunningham).

---

5. A transcript of the proceedings at the pre-trial conference and an examination of the docket entries made in that court thereafter indicates that there was no intention that the Court's order of dismissal should operate as an adjudication upon the merits under Rule 41(b), F.R. Civ.P.

6. Appellant's motion to correct clerical mistakes per Rule 60(a) is granted.