**Melvin MILES, Appellant**

v.

**CITY OF CHANDLER, a Municipal Corporation, Appellee.**

**No. 17335.**

United States Court of Appeals Ninth Circuit.

Dec. 13, 1961.

Jack C. Cavness and Roy R. Carson, Phoenix, Ariz., for appellant.

Snell & Wilmer by Mark Wilmer, Phoenix, Ariz., and Harold L. Kautz, City Atty., Chandler, Ariz., for appellee.

Before POPE, JERTBERG and DUNIWAY, Circuit Judges.

PER CURIAM.

In this Arizona personal injury case brought in Federal Court because of diversity of citizenship, judgment of dismissal was entered in favor of the City of Chandler on the ground that the amended complaint upon which the plaintiff elected to stand fails to state a claim against the city upon which relief can be granted.

On August 2, 1960, appellant filed in the District Court his amended complaint against the City of Chandler, appellee, a municipal corporation duly organized and existing under the laws of the State of Arizona, and Bernice I. Calley, the duly appointed, qualified and acting administratrix of the estate of Lenford C. Calley, deceased.  By the amended complaint plaintiff seeks to recover judgment against both defendants in the amount of $300,000 for injuries and damages which

---

plaintiff alleges he sustained as a result of a collision which occurred while he was riding as a passenger in a pickup truck belonging to the City of Chandler which was negligently operated by Lenford C. Calley, now deceased, the superintendent of streets of the city while acting within the course and scope of his employment in the maintenance and repair of the streets of the city.

On motion of the City of Chandler, judgment of dismissal of the amended complaint was entered in favor of the City of Chandler. The amended complaint insofar as it seeks judgment against the other defendant is still pending in the District Court. The appellant has appealed to this court from the judgment of dismissal.

█ The District Court did not make the express determination or give the express direction mentioned in Rule 54 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Therefore, the judgment of dismissal as to the appellee was not a final decision within the meaning of Title 28 U.S.C.A. § 1291, and was not appealable. Walter W. Johnson Company v. Reconstruction Finance Corporation, 223 F.2d 101 (9th Cir. 1955); Gilbertson v. City of Fairbanks, 253 F.2d 231, 17 Alaska 458 (9th Cir. 1958); CMAX, Inc. v. Drewry Photocolor Corporation, 295 F.2d 695 (9th Cir. 1961).

Attention of counsel is called to the fact that Rule 54(b) was amended effective July 19, 1961. The rule as amended reads as follows:

"Judgment upon Multiple Claims or *Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, *or when multiple parties are involved,* the court may direct the entry of a final judgment *as to* one or more but *fewer* than all of the claims *or parties* only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates *fewer* than all the claims *or the rights and liabilities of fewer than all the parties* shall not terminate the action as to any of the claims *or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims *and the rights and liabilities of all the parties.*" (The amendments to the rule are italicized.)

█ If, after our mandate goes down, the District Court sees fit to make the express determination and to give the express direction mentioned in Rule 54 (b) and to enter judgment in conformity therewith, and if appellant appeals from such judgment, it will not be necessary for the parties to reprint their briefs or the present record on appeal. Such appeal, if taken, can be heard upon the present briefs and the present record, supplemented by a record of proceedings had in District Court after receipt of our mandate.[1] However, we are not to be understood as suggesting that the District Court should or should not make the express determination or give the express direction mentioned in Rule 54(b), these being matters exclusively within the District Court's discretion.[2]

Appeal dismissed.

1. and 2. See Johnson case, supra, 223 F.2d at page 102, footnotes 7 and 8.