**Rowan R. BAILEY, Plaintiff-Appellant,**

v.

**ROWAN DRILLING COMPANY, Inc., et al., Defendants-Appellees.**

**No. 31015.**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 30, 1971.

---

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

58

Donald V. Organ, Organ & Pierce, New Orleans, La., for plaintiff-appellant.

William K. Christovich, Christovich & Kearney, New Orleans, La., for Rowan Drilling Co. and The Fidelity & Casualty Co. of New York.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff/appellant instituted this multiple-party, multiple-claim maritime personal injury suit in the court below against his employer (Rowan Drilling Co.), the employer's insurance carrier (Fidelity and Casualty Insurance Co. of New York) and Chevron Oil Company, the owner of the offshore drilling rig upon which plaintiff was injured. Upon employer-insurer's motion, the district court granted summary judgment adverse to the plaintiff on his Jones Act claim, holding, as a matter of law, that plaintiff was not a seaman under the circumstances alleged. Chevron Oil Company remains a party defendant to the litigation below.

█ Because the entry of judgment by the district court adjudicated fewer than all the claims as to all the parties in the absence of an express determination that there was no just reason for delay,[1] we dismiss the instant appeal for want of jurisdiction.

The mandate of Rule 54(b), quoted in the margin, is clear and unequivocal. Absent an express determination by the trial court that there is no just reason for delay, its judgment in the instant case lacks the requisite finality to be an appealable decision within the meaning of 28 U.S.C. § 1291. Schnur & Cohan, Inc. v. McDonald, 328 F.2d 103 (4th Cir. 1964); Rinker v. Local Union No. 24 of Amalgamated Lithographers of America, 313 F.2d 956 (3rd Cir. 1963); Miles v. City of Chandler, 297 F.2d 690 (9th Cir. 1961).

Appeal dismissed.

1. F.R.Civ.P. 54(b)
    "(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."